A. G. STINCHFIELD *versus* ORRIN EMERSON *& ux.*

Although an estoppel *in pais* may not always run with the land, a subsequent purchaser *with knowledge* of the facts constituting the estoppel, can stand in no better condition than his grantor.

An absence of seven years or more from the *established residence* of a party must be proved before the presumption of his death can be raised.

And where a title is claimed to be in the father, because of the death of his son, not only the death of the son must be shown, but also that he died without issue.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.
WRIT OF ENTRY.
The facts sufficiently appear in the opinion of the Court.

*Stinchfield, pro se.*

*J. Baker,* for the defendants.

The opinion of the Court was drawn by

DAVIS, J.—This case, though with different parties, for whom the present plaintiff was counsel, was once before presented to this Court. *Stevens* v. *McNamara,* 36 Maine, 176.

After that suit was determined, a deed was made from Stevens to Otis, witnessed by and acknowledged before the plaintiff, Jan. 20, 1855. Otis deeded the premises to the plaintiff, Jan. 24, 1855. A suit was commenced in the name of Otis, Jan. 23, 1855, which was afterwards discontinued.

It was held in the previous case that Stevens was estopped

from claiming any title to the premises, unless he acquired it subsequent to the purchase of the defendant, which was made at his request.   And though an estoppel *in pais* may not always run with the land, a subsequent purchaser *with knowledge* of the facts constituting the estoppel can stand in no better condition than his grantor.   It is clear that the present plaintiff, from his connection with the former suit, had full knowledge of the facts relating to it.   And we infer, by the authority given us in the report, as a jury might have done, that the deed to Otis was made through his agency, and for his benefit.   In such case, his knowledge of the facts rendered the estoppel as much a bar to *his* title, as it was to the title of Stevens.   *Fitzsimmons* v. *Josselyn*, 21 Vt., 129 ; *Hart* v. *F. & M. Bank*, 33 Vt., 252 ; *Dresser* v. *Norwood*, London Jurist, June, 1864.

But he claims that Stevens acquired a title to *a part* of the premises *after* the purchase of Patience W. McNamara, by the death of Jonathan Stevens, his son, without issue. The only evidence of his death is his absence from Hallowell nearly twenty years.   As there is no evidence that he ever established his residence there, his absence raises no presumption of his death.   And even if he is not living, the case does not show that he did *not* leave children, who are his heirs at law.   .          *Judgment for the defendants.*

APPLETON, C. J., KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.