## Robert M. Bailey and another v. Adelaide A. Bailey and others.

*Ejectment: Evidence: Death: Circumstances: Absence: Inquiries.* In an action of ejectment by parties claiming through the heirs of one who is asserted to be deceased, oral evidence indirectly proving death is admissible, consisting of those circumstances from which the death of the person may be reasonably inferred, such as long absence without any intelligence from him, reputation in the family, and their conduct thereupon, and other circumstances.

*Life: Presumptions: Death: Circumstantial evidence: Inquiries.* The presumption of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last known to·be living; and when it is sought to prove death within that period by circumstantial evidence, there must be a showing of diligent inquiry at the last place of residence, and among relatives, and any others who probably would have heard of the person if living, and also at any known place of fixed foreign residence.

*Ejectment: Undivided interest: Ouster: Evidence.* In ejectment for an undivided interest in lands to which the defendants claim the entire title, evidence of proceedings by defendants to recover possession of the entire premises under a lease, and also that, although informed that plaintiffs claimed an interest, they insisted upon obtaining and taking actual and exclusive possession of the entire premises and excluding the plaintiffs, is admissible as tending to prove ouster under the statute.—*Comp. L. 1871, § 6228.*

*Submitted on briefs January 19.    Decided April 10.*

Error to Lenawee Circuit.

*Stacy & Underwood,* for plaintiff in error, argued that the evidence relating to the statements of the brothers and sisters of Ira Smith as to whether they had heard from him, was pure hearsay, and that the inquiries should have been made at his last place of residence in California; that the plaintiffs to recover were bound to prove not only possession by their co-tenants, but actual ouster or its equivalent; that a mere denial of plaintiff's right is not enough, but it must be such as to amount to a disseizin of the co-tenant: *Edwards v. Bishop, 4 N. Y., 61; Ricard v. Williams, 7 Wheat., 59;* that our statute is the same as that of New York was originally, and their statute has been'held to be simply an affirmance of the common-law rule: *Phelan v. Kelley, 25 Wend., 389.* See also *Bogardus v. Trinity Church, 4 Sandf. Ch., 633.*

*Walker & Weaver,* for defendants in error, on the competency of the evidence to prove by circumstances the death of Ira Smith, cited: *2 Greenl. Ev., p. 265, § 278, e, f, g, h; Jackson v. Bonham, 15 Johns., 227; Stevens v. McNamara, 36 Me., 176; Smith v. Knowlton, 11 N. H., 191; Doe v. Jesson, 6 East, 80; King v. Paddock, 18 Johns., 141; Sheldon v. Ferris, 45 Barb., 124;* that after the lapse of seven years without intelligence of the person the presumption of life ceases, and the burden of proof is devolved on the other party: *1 Greenl. Ev., 41, notes and cases cited;* that the proof of disseizin was sufficient under the statute to warrant the jury in finding an ouster: *Comp. L. 1871, § 6228;* that the assertion by one in possession, that he is

sole owner, and his selling, or offering to sell the whole, are equivalent to an express denial of conflicting rights: *Freeman on Co-tenancy & Partition*, 234; *Valentine v. Northrop*, 12 *Wend.*, 495; *Carpenter v. Thayer*, 15 *Vt.*, 556; *Hellwigs v. Bird*, 11 *East*, 50; *Clark v. Vaughn*, 3 *Conn.*, 191; *Giddings v. Canfield*, 4 *Conn.*, 488; *Allyn v. Mather*, 9 *Conn.*, 128; *Cummings v. Wyman*, 10 *Mass.*, 468; *Humbert v. Trinity Church.*, 24 *Wend.*, 589; 1 *Add. on Torts*, 423, 121; that if one enters under a deed with full covenants of warranty, and exercises acts of ownership over the whole, there is no room left for doubt that he holds adversely to any other part owner: *Freeman on Cotenancy, etc.*, 224; *Tyler on Eject.*, 480–2; *Thomas v. Pickering*, 13 *Me.*, 337; *Marcy v. Marcy*, 6 *Metc.*, 371; *Wright v. Saddler*, 20 *N. Y.*, 329; *Kithredge v. Lacks*, 17 *Pick.*, 247; *Biglow v. Jones*, 10 *Pick.*, 161; *Bogardus v. Trinity Church*, 4 *Sandf. Ch.*, 633; *Van Dyck v. Bensen*, 1 *Caines*, 84.

MARSTON, J:

Plaintiffs below, defendants in error, brought an action of ejectment to recover possession of an undivided one-eighth of certain real estate situate in the township of Adrian, Lenawee county; jury trial, verdict and judgment for plaintiffs.

Plaintiffs and defendants both claim title through Daniel Smith, who died in April, 1845, leaving eight children, one of them named Ira, whose interests the plaintiffs below claimed to have acquired by conveyance from his heirs in 1871. The most important questions raised in the case grow out of the evidence introduced tending to show the death of Ira. It was claimed, and evidence was introduced tending to show, that Ira went to California in 1852 or 1853, and that he had not been heard from since 1856. Simeon Bailey, who went to California in 1855 and remained there till 1867, was examined and testified that he commenced making inquiries in California about Ira in 1856, in the neighborhood where he had been; that he heard different reports about Ira's leaving this place; some said he had gone on a prospecting tour, some that he had been drowned while crossing a stream; and that although witness continued his efforts to

find Ira so long as he (witness) remained in California, he could obtain no trace of him.   As evidence tending in the same direction, Sala Smith, a brother of Ira's, was called and testified that Ira had gone to California in 1852 or 1853; that Ira's wife had received letters from him after he went away; that he (witness) had been living most of the time near where the wife and children of Ira had resided.   He was then asked the following questions:

"State whether since 1856 you or any of the family, so far as you know, have ever heard from Ira."

"Have you made inquiries from your brothers and sisters to ascertain whether they have heard from him, or know any thing about him? And if so, state the result."

These questions were all objected to, objection overruled, and answered.   The amount of evidence required to establish death depends very much upon the nature of the case in which the question arises.   In cases like the present "oral evidence indirectly proving death, consists of those circumstances from which the death of the person may reasonably be inferred, such as long absence without any intelligence respecting him, reputation in the family, and their conduct thereupon, and other circumstances."   "The presumption of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last known to be living."   Where an attempt is made to prove the fact of death within the period of seven years, from circumstances in connection therewith, "there must also be evidence of diligent inquiry at the place of the person's last residence in this country, and among his relatives, and any others who probably would have heard of him if living; and also at the place of his fixed foreign residence, if he was known to have had any." —2 *Greenleaf Ev.,* § *278, a, e, f.*

Within the rules so clearly laid down by Prof. Greenleaf this case comes, and it does not seem necessary to attempt by any extended discussion to add force to the authority cited.   We may, however, refer to *John Hancock Mut. Life*

*Ins. Co. v. Moore, 34 Mich., 41,* where the nature and character of the proof necessary to establish death in civil cases were discussed.

Evidence was introduced and admitted, under objection, that Henry M. Bailey had entered into possession of this land in 1846; that he remained in possession with his children, the plaintiffs below, until the spring of 1872, when Robert M. Bailey, one of plaintiffs in error, claiming title to the entire property, commenced proceedings to recover possession; these proceedings were commenced under a lease previously given by him, leasing the entire premises to said Henry M. Bailey. This evidence was introduced as tending to show an ouster of the plaintiffs below, defendants in error.

Plaintiffs in error claimed title to the entire premises under a warranty deed from Tristram H. Bailey, dated May 29, 1869, and although they were informed that defendants in error claimed an undivided interest in the premises, they yet insisted upon obtaining and taking actual and exclusive possession of the entire premises, and excluding the other claimants therefrom. We think such evidence was admissible as tending to prove ouster under our statute.—*2 Comp. L., § 6228.* See also *Valentine v. Northrop, 12 Wend., 495; Carpenter v. Thayer, 15 Vt., 556; Allyn v. Mather, 9 Conn., 127; Humbert v. Trinity Church, 24 Wend., 587; Wright v. Saddler, 20 N. Y., 329; Thomas v. Pickering, 13 Me., 337.* Some of the exceptions taken to the charge of the court have already been covered by what has been said; the others are not urged, and upon examination we do not discover any error therein.

As we discover no error in the record, the judgment must be affirmed, with costs, and the record remanded for further proceedings under the statute.

The other Justices concurred.