### SENSENDERFER v. PACIFIC MUT. LIFE INS. CO.

*(Circuit Court, W. D. Missouri, E. D.   November Term, 1882.)*

LIFE INSURANCE—POLICY TAKEN OUT FOR THE BENEFIT OF A CREDITOR—PROOF OF DEATH—NATURE OF EVIDENCE.

Absence of a person alone does not raise a presumption of his death; but such absence, in connection with surrounding circumstances, such as the failure by his family and friends to learn of his whereabouts, his character, and business relations, together with the fact that he was last known to be seen near the place where a murder is supposed to have been committed, and the reputation in his family and with his friends that he is dead, creates a very strong presumption of death, the law being satisfied with less than certainty, yet requiring a preponderance of proof. On the other hand, evidence to overcome the presumption of death, that the party supposed to be dead was in a financial condition which might have induced him to abscond, or that he was a speculator, or visionary, in his business or trades, is all proper evidence to be considered by the jury in establishing the fact.

At Law.

*S. P. Sparks* and *L. C. Krauthoff*, for plaintiff.

*William McNeall Clough*, for defendant.

KREKEL, J., *(charging jury.)* The plaintiff, William Sensenderfer, sues the Pacific Mutual Insurance Company on a policy of insurance issued by the Alliance Mutual Life Insurance Society to said Sensenderfer on the life of John La Force. It is claimed by plaintiff, Sensenderfer, that the Pacific Mutual Life Insurance Company is liable to him, because it has assumed to become responsible for the company which issued the policy, under a contract between the Alliance Mutual and the Pacific Mutual, read in evidence, and you are instructed that if the policy issued by the Alliance Mutual, and the contract between it and the Pacific Mutual, are found to be true and genuine, the Pacific Mutual is liable for the policies of the Alliance Mutual under the conditions and limitations hereinafter stated. La Force had a right to insure his life for the benefit of a creditor; and if you are satisfied from the testimony that La Force was indebted to the plaintiff, Sensenderfer, at the time the policy was issued, Sensenderfer has a right to recover thereon under the conditions hereinafter stated. The plaintiff, Sensenderfer, under the provisions of the policy, was bound to make satisfactory proof of the death of La Force, the insured, and it is this which constitutes the real issue in the case, the defendant company claiming that the proof of death is not satisfactory. This proof—the proof of the death of La Force—the plaintiff,

Sensenderfer, is bound to make, and he cannot recover on the policy sued on unless he satisfies you by a preponderance of evidence that La Force is dead, and that he died prior to the first day of December, 1877. The policy sued on requires the annual premium to be paid in advance,—and the proof shows that the said premiums have been paid up to the first of December, 1877,—so that if La Force died after that day, the policy had by its terms been forfeited, and no recovery could be had therein. If La Force is still living, or if the plaintiff, Sensenderfer, has not satisfied you by a preponderance of evidence that he is dead, and that he died prior to the first of December, 1877, the plaintiff cannot recover, and your verdict should be for the defendant. As already stated, the plaintiff, Sensenderfer, has to prove to your satisfaction that La Force is dead, and that he died prior to the first day of December, 1877. By proof to your satisfaction is meant that when you come to weigh and balance the evidence, as to the probability of La Force having been alive or dead before the first day of December, 1877, your mind shall arrive at the conclusion of his death; the law is satisfied with less than a certainty, yet requires a preponderance of proof establishing the fact of his death.

There are two theories regarding the life or death of La Force suggested by the testimony and in argument: The first, the theory of plaintiff, is that La Force is dead, as shown by reason of his continued absence; the failure to learn of his whereabouts; the attraction of his family and his not returning to it; his business relations; La Force's character and standing; and his being at or near the place where a murder is supposed to have been committed about the time of his (La Force's) disappearance. Each of these suggestions should be carefully examined by you, under the evidence and the allusions to them by me, and are intended to guide you in their consideration. Absence alone cannot establish the death of La Force, for the law presumes that an individual shown to have been alive and in health, at the time of his disappearance, continues to live, following in that particular the presumptions acted on in the daily affairs of life. While the death of La Force is not to be presumed from absence alone, it is yet a circumstance which should be taken into consideration, with other evidence in the case, and the conclusion of life or death arrived at from the whole facts and circumstances, including his continued absence. The length of absence is an important element in estimating the weight of this evidence, which increases or diminishes in importance when received in connection with the efforts made to ascertain his whereabouts or death.

There is evidence before you as to the family and social relation of La Force, which is not to be overlooked. There is also testimony as to La Force being in a neighborhood when a murder is supposed to have been committed. The testimony bearing thereon, and the disappearance of La Force about the same time, is to be carefully considered by you so far as it bears upon the question of La

Force being the murdered man, if a murder occurred. If, from the testimony in the case, you shall come to the conclusion that La Force was exposed to any extraordinary danger, it should have due weight in arriving at the fact of his death. The reputation in the family, of the death of one of its members, is proper evidence for you to consider, but not the *opinion* of any one. You have thus an outline of the evidence which the plaintiff claims establishes the fact of the death of La Force,—that is, that the probabilities of his death are greater than that he is living. If you shall come to this conclusion, your verdict should be for the plaintiff.

To weaken or destroy any presumption tending to establish the death of La Force, the defendant has introduced testimony and presents arguments, such as that La Force's financial condition may have induced him to abscond. This is proper testimony for you to consider. In this particular the disposition of La Force as a speculator on a larger or smaller scale, whether visionary or otherwise, in his trades, his being embarrassed, or in good financial circumstances, come in for consideration, and should receive such at your hands. Whatever bearing the testimony or the circumstances of the case present, calculated to weaken or destroy the probabilities of the death of La Force, introduced by the defendant, should be carefully considered by you in connection with the testimony introduced by the plaintiff in support of the conclusion of his death. If, in thus weighing the testimony and circumstances of the case for and against the probabilities of La Force's death, you shall come to the conclusion of the death of La Force, prior to the first of December, 1877, you should find the issues for the plaintiff; otherwise for the defendant. In case you find the issues for the plaintiff, you will allow him the amount stipulated in the policy, together with interest at 6 per cent. from the date of beginning this suit. If you find the issues for the defendant, you will so state in your verdict.