# COFFEY'S

# PROBATE DECISIONS.

ESTATE OF ALEXIS O. KUSTEL, DECEASED.

[No. 3498; decided August 11, 1884.]

Olograph.—An Instrument Testamentary in Character, if proved to be entirely written, dated and signed by the author, is established as an olographic will.

Death—Presumption from Unexplained Absence.—In addition to the legal presumption arising from unexplained absence for seven years, certain facts have been noticed by courts as grounds on which inferences of death may rest. But no general or certain rule can be established; each case must be decided upon the facts, and the probabilities that life has been destroyed.

Death—Presumption When Vessel Fails to Return.—The fact of death may be found from the lapse of a shorter period than seven years where one sails in an unseaworthy vessel on the night of a violent storm and the vessel is unheard of for a long time after the voyage should have been accomplished.

H. C. McPike, for petitioner.

COFFEY, J. Captain Alexis O. Kustel was a member of the firm of Kustel & Wightman, having their principal place of business in San Francisco, but engaged in commerce in the South Sea Islands. In 1883, June 24, Captain Kustel set sail from the Island of Apia for another island of the Samoan group, in a leaky and unseaworthy vessel; during the night of his departure a fearful storm arose, and neither the vessel nor any of her crew or passengers was heard of subsequently hitherto; and by mariners and others conversant with the circumstance the vessel has been given up as lost with all on board. Now comes into court Mrs. Elizabeth Kustel and presents for probate a paper alleged to be the olographic will of Captain Kustel, which is in these terms:

"San Francisco, February 19, 1880.

"I, Alexis Kustel, of the city of San Francisco, now being of sound mind, do hereby make this my last will and testament, revoking all former wills of whatsoever kind. In case of my death I leave all my property, of whatever kind, to my wife, Lizzie Kustel, after paying all just debts. Should my wife and myself get lost at sea or die, I wish the property kept in trust as long as my mother lives, to pay her $50 per month from the profits of such property as I may possess, and when she dies I wish it to be evenly divided between my brothers, Oscar Kustel, Arpad Kustel and Casimir B. Kustel, or their children. I hereby appoint as my executors without bonds Lizzie Kustel, Oscar Kustel and John Wightman.
                                            "ALEXIS KUSTEL."

The authenticity of this document is established; under the statute (sections 1309, 1940, Code of Civil Procedure) it is proved to be entirely written, dated and signed by Captain Kustel. The sole question is as to the proof of his death. Is the court warranted in finding the fact of death from the circumstances under which Captain Kustel departed from Apia on the 24th of June, 1883? (1) The vessel in which he set out to sea was unseaworthy; (2) the same night a great storm prevailed at sea; and (3) from that time no tidings of the vessel or of those on board have been heard.

In addition to the legal presumption arising from unexplained absence for a period of seven years, certain facts have been noticed by courts as affording grounds on which inferences of death may rest: 2 Wharton on Evidence, sec. 1277.

One who has sailed on a vessel which has not been heard of for such a length of time as would be sufficient to allow information to be received from any part of the world to which the vessel or those on board might have been expected to be carried and who has not been heard of since the vessel sailed, may be presumed to be dead. No general or certain rule can be established in such cases; each case must be decided by the competent tribunal, upon proof of the facts and probabilities that life has been destroyed: White v. Mann, 26

Me. 370. When, shortly after a vessel sailed, a violent storm arose and prevailed along the coast, held, that after the lapse of three years without any tidings of the vessel or of any on board, the death of the captain during the storm might be presumed: Gibbs v. Vincent, 11 Rich. 323.

In the case last cited it is observed by the court that it is not from the presumption arising alone from the length of time that the death is inferred, but from the prevalence of a violent storm on the track of his vessel about the time he sailed, and that neither vessel nor any one on board has been heard of since; and (1 Greenleaf's Evidence, sec. 41) the fact of death may be found from the lapse of a shorter period than seven years, if the circumstances concur, as if the party sailed upon a voyage which long since should have been accomplished and nothing has been heard of the vessel. This doctrine is sustained by many decisions, among others: Spears v. Burton, 31 Miss. 547; Stouvenel v. Stephens, 2 Daly (N. Y.), 319; Smith v. Knowlton, 11 N. H. 197.

These are cases from other states, but the principle has not been rejected in California, so far as it has been invoked. The proof of the unseaworthiness of the vessel in which Captain Kustel left Apia (she was not insured), the prevalence of a violent storm on the same night on the sea whereon the vessel was sailing, differentiate this case from Ashbury v. Saunders, 8 Cal. 62, 68 Am. Dec. 300, the specific perils which, in the opinion of Mr. Justice Burnett (adopting the views of Mr. Chief Justice Gibson in Burr v. Sims, 4 Whart. 150), were necessary to be established in that case, have been proved in this matter. It follows from the application of this principle that the death of Alexis O. Kustel must be found as a fact, and letters testamentary should issue according to the terms of the will.

### PRESUMPTION OF DEATH.

Seven Years' Absence—Presumption Arising from.—It is a general rule of almost universal application that for all legal purposes a presumption of his death arises from the continued and unexplained absence of a person from his home or place of residence without any intelligence from or concerning him for the period of seven years. In other words, the law presumes, after seven years' continued ab-

sence, that a person is dead concerning whom nothing has been heard or known during that time by those who, were he living, would naturally hear from him. If a person leaves his home, or disappears, the presumption in favor of life, in the absence of special circumstances, continues until a period of seven years has elapsed without any tidings or intelligence from him, but, after that, the rule is reversed, and the law presumes his death: Crawford v. Elliott, 1 Houst. 465; Prettyman v. Conaway, 9 Houst. 221, 32 Atl. 15; Doe ex dem. Cofer v. Flanagan, 1 Ga. 538; Adams v. Jones, 39 Ga. 479; Ryan v. Tudor, 31 Kan. 366, 2 Pac. 797; Wentworth v. Wentworth, 71 Me. 72; Tilly v. Tilly, 2 Bland. Ch. 436; Schaub v. Griffin, 84 Md. 557, 36 Atl. 443; Loring v. Steineman, 1 Met. (Mass.) 204; In re Stockbridge, 145 Mass. 519, 14 N. E. 928; Waite v. Coaracy, 45 Minn. 159, 47 N. W. 537; Lajoye v. Primm, 3 Mo. (529) 368; Hancock v. American Life Ins. Co., 62 Mo. 26; Wheelock v. Overshiner, 110 Mo. 100, 19 S. W. 640; Flood v. Growney, 126 Mo. 262, 28 S. W. 860; Smith v. Knowlton, 11 N. H. 191; Forsaith v. Clark, 21 N. H. 409; Wambaugh v. Schenck, 2 N. J. L. 229; Burkhardt v. Burkhardt, 63 N. J. Eq. 479, 52 Atl. 296; Jackson v. Claw, 18 Johns. 347; McCartee v. Camel, 1 Barb. Ch. 455; Eagle v. Emmet, 4 Brad. Sur. 117; Morrow v. McMahon, 35 Misc. Rep. 348, 71 N. Y. Supp. 961; Ruoff v. Greenpoint Sav. Bank, 40 Misc. Rep. 549, 82 N. Y. Supp. 881; University of North Carolina v. Harrison, 90 N. C. 385; Lewis v. Mobley, 4 Dev. & B. 323, 34 Am. Dec. 379; Rice v. Lumley, 10 Ohio St. 596; Rosenthal v. Mayhugh, 33 Ohio St. 155; Whiteside's Appeal, 23 Pa. 114; Appeal of Esterly, 109 Pa. 222; Burns v. Ford, 1 Bail. 507; Craig v. Craig, Bail. Eq. 102; Boyce v. Owens, 1 Hill, 8; Corley v. Holloway, 22 S. C. 381; Griffin v. Southern Ry. Co., 66 S. C. 77, 44 S. E. 562; Primm v. Stewart, 7 Tex. 178; French v. McGinnis, 69 Tex. 19, 9 S. W. 323; Scott v. McNeal, 5 Wash. 309, 34 Am. St. Rep. 863, 31 Pac. 873; Boggs v. Harper, 45 W. Va. 554, 31 S. E. 943; Cowan v. Lindsay, 30 Wis. 586; Davie v. Briggs, 97 U. S. 628, 24 L. ed. 1086.

After seven years have elapsed without intelligence of, or hearing from, one who has absented himself from his family or his home, the presumption of life ceases, and if no other evidence is introduced on that point, the court should proceed on the presumption of his death, without submitting the question to the jury: Cowan v. Lindsay, 30 Wis. 586. As examples of the giving effect to such presumption, it may be stated that where a husband has been absent and unheard of for more than seven years, marriage by his wife to another after that time is presumed to be valid: Burkhardt v. Burkhardt, 63 N. J. Eq. 479, 52 Atl. 296; Boyce v. Owens, 1 Hill, 5. But no lapse of time, when the husband is absent, but known to be alive, by being seen or heard of, in less than seven years, will of itself have the effect of allowing the wife to validly contract another marriage, or to contract as a feme sole: Boyce v. Owens, 1 Hill, 5. After an unaccounted for absence of seven years, the law presumes the absentee

to be dead, and in a case where he, if living, would inherit real estate, such estate will descend, not to him, but to the heirs of the person dying seised: Appeal of Esterly, 109 Pa. 222; Burns v. Ford, 1 Bail. 507.

It seems that, in order to establish the presumption of death from seven years' absence of a person unheard of, he must absent himself from his home originally, and proof of a change of his residence from one state to another, and that he has not been heard of in the former state for a period of seven years, does not create the presumption: Keller v. Stuck, 4 Redf. Sur. 294; Latham v. Tombs, 32 Tex. Civ. App. 270, 73 S. W. 1060. The rule as to the presumption of death of a person after seven years' absence is that such presumption of law does not attach unless it appear that such person has been absent from his domicile, or his last place of residence, without intelligence concerning him for the period of seven years: Burnett v. Costello, 15 S. D. 89, 87 N. W. 575; Puckett v. State, 1 Sneed (Tenn.), 355.

The mere absence of a person from a place where his relatives reside, not his own residence, and their failure to hear from him for seven years, are not sufficient to raise a presumption of his death, but in order to raise such presumption, there must be evidence of diligent inquiry at his last place of residence and among his relatives, and any other persons who would probably have heard from him if he were living: Hitz v. Ahlgren, 170 Ill. 60, 48 N. E. 1068; Litchfield v. Keagy, 78 Ill. App. 398. Thus, if in an action to recover land, plaintiffs' claim as heirs at law of their deceased uncle, who is alleged to be dead by reason of his having been absent and unheard of for a period of seven years, but there is no showing that he was last heard of at the place where he last lived, or that he had any other home, or that he was unmarried and without children, the proof is insufficient to establish that he died intestate and without issue, or that plaintiffs are his heirs: Ironton Fire Brick Co. v. Tucker, 26 Ky. Law Rep. 532, 82 S. W. 241.

Failure to hear from an absent person for seven years, who is known to have had a fixed place of residence abroad, is not sufficient to raise a presumption of his death, unless due inquiry has been made at such place without getting tidings from him: Wentworth v. Wentworth, 71 Me. 72; McCartee v. Camel, 1 Barb. Ch. 458.

The presumption of death is raised by the absence of a person from his last place of domicile unheard of for seven years, and if a person removes from his domicile in one state to establish a domicile in another state or country, this is merely a change of residence, and absence from this last domicile for seven years unheard of is the absence upon which the presumption of death must be built, and if alive when last heard from at his new domicile the presumption is that life still continues: Francis v. Francis, 180 Pa. 644, 57 Am. St. Rep. 668, 37 Atl. 120; Turner v. Sealock, 21 Tex. Civ. App. 594,

54 S. W. 358. The mere absence of a person for seven years, even from his home, is not alone sufficient to raise the presumption of death, and there must be evidence also showing that he has not been heard from within that time: Brown v. Jewett, 18 N. H. 230.

If it is shown that a person was living some two or three years before the question of a presumption of his death from seven years' absence is raised, there is no presumption that he has since died: Lowe v. Foulke, 103 Ill. 58; Lewis v. People, 87 Ill. App. 588; Duke of Cumberland v. Graves, 9 Barb. 596; Stroebe v. Fehl, 22 Wis. (337) 324. In other words, if one is shown to be alive at a certain time, there is a presumption of the continuance of his life after that period which must be overcome by some sort of proof: Hancock v. American Life Ins. Co., 62 Mo. 26.

**Rebuttal and Burden of Proof.**—The legal presumption of death which arises from the absence of one from his home for the period of seven years, and who in the meantime is not heard of, is equivalent to prima facie evidence of the fact, and may be rebutted by counter evidence: Youngs v. Heffner, 36 Ohio St. 232. If a person has not been heard from for more than seven years, he is presumed to be dead, and it devolves upon the person asserting the contrary to make it appear: Forsaith v. Clark, 21 N. H. 409; Smith v. Combs, 49 N. J. Eq. 420, 24 Atl. 9. The burden of proof is upon the person denying the death, and the presumption of death is not overcome by mere similarity of name, but the identity of the person must be shown: Hoyt v. Newbold, 45 N. J. L. 219, 46 Am. Rep. 757. A shorter absence than seven years will not suffice to raise a presumption of death, and the person in whose interest it is to show that he was alive within that time is at liberty to do so by such facts and circumstances as will inspire that belief in the minds of the jury. The person who claims a benefit or interest in his being alive within the seven years must prove it: Whiting v. Nicholl, 46 Ill. 230, 92 Am. Dec. 248; Smith v. Smith, 5 N. J. Eq. 484. When the presumption of death has been raised, the jury must determine, under proper instructions, what quantity of evidence will outweigh such presumption: Tisdale v. Connecticut Mut. Life Ins. Co., 26 Iowa, 170, 96 Am. Dec. 136.

To rebut the presumption of death arising from an absence of seven years unheard from, evidence is admissible to show that the absent person has been heard of as living within that time, though by others than members of his family: Flynn v. Coffee, 12 Allen, 133. To rebut such presumption, testimony of a witness who saw a person bearing the supposed deceased's name, as to his appearance and conversations had with him in regard to his family connections, is admissible: Nehring v. McMurrain (Tex. Civ. App.), 45 S. W. 1032. The testimony of several uncontradicted, unimpeached and disinterested witnesses that the absent person returned and was seen alive within considerably less than seven years from the time of his original dis-

appearance is sufficient to rebut the presumption of his death: Thomas v. Thomas, 19 Neb. 88, 27 N. W. 84. When the presumption is sought to be established by the affidavits of witnesses who have no interest in the absent person, being neither relatives, friends, nor members of the family, their testimony is overcome by the testimony of one credible witness who is well acquainted with the absent person, knows his handwriting, and has received a letter from him within the seven years: Smith v. Smith, 49 Ala. 156.

In Case of Fugitive from Justice.—The fact that the absent person is a fugitive from justice does not prevent the presumption from arising, but is admissible to rebut the presumption of death: Mutual Benefit Life Ins. Co. v. Martin, 108 Ky. 11, 55 S. W. 694; Winter v. Supreme Lodge Knights of Pythias, 96 Mo. App. 1, 69 S. W. 662. The presumption is rebutted when it is shown that the absent fugitive has been seen, that there are rumors as to his whereabouts, and that he absented himself when a warrant was issued for his arrest, and that a woman of bad repute left about the same time: O'Kelly v. Felker, 71 Ga. 775.

Time of Death of Absent Person.—If a person leaves his home, place of residence or abode for temporary purposes, and is not seen, heard of or known to be living for the continuous term of seven years thereafter, he is presumed to be dead, but in such case the presumption of life continues and the presumption of death does not arise until the expiration of seven years from the time of the disappearance, unless there is evidence that such person was at some particular date in contact with some specific peril, or there are other circumstances sufficient to quicken the period of time necessary to raise the presumption of death. Ordinarily the time of death is presumed to be at the expiration of the seven years: Crawford v. Elliott, 1 Houst. 465; State v. Henke, 58 Iowa, 457, 12 N. W. 477; Spurr v. Trimble, 1 A. K. Marsh. 278; Newman v. Jenkins, 10 Pick. 515; Schank v. Griffin, 84 Md. 557, 36 Atl. 443; Bailey v. Bailey, 36 Mich. 181; Smith v. Knowlton, 11 N. H. 191; Executors of Clark v. Canfield, 15 N. J. Eq. 119; Burkhardt v. Burkhardt, 63 N. J. Eq. 479, 52 Atl. 296; Matter of Davenport, 37 Misc. Rep. 455, 75 N. Y. Supp. 934; Eagle v. Emmet, 4 Brad. Sur. 117; Burr v. Sim. 4 Whart. 150, 33 Am. Dec. 50; Schoneman's Appeal, 174 Pa. 1, 34 Atl. 283. The presumption of death from seven years' unexplained absence does not by law arise until the full period elapses, and the presumption of life will continue to the end of the seven years, unless facts are proved showing that the absent person probably died sooner: Reedy v. Millizen, 155 Ill. 636, 40 N. E. 1028. At the end of seven years from the time that an absent person was last heard of, the presumption of life ceases and the presumption of death takes its place. The legal presumption establishes not only the fact of death, but also the time of death: Whiting v Nicholl, 46 Ill. 230, 92 Am. Dec. 248. In the absence of any fact except that of the absence of a person for seven

years without having been heard from, the presumption is that such person died on the last day of the seven years: Kauz v. Improved Order of Red Men, 13 Mo. App. 341. If no sufficient facts are shown from which to draw a reasonable inference that death occurred within the lapse of seven years, the person will be accounted in all legal proceedings as having lived during that period, and rights depending upon his life or death will be administered as if he died on the last day of that period: Eagle's Case, 3 Abb. Pr. 218.

Although it is presumed that a person absent from his home for seven years continuously without having been heard from, died at the end of that period, it will not be presumed that he died at any other time than at the end of the seven years. And if it is claimed that he met his death within a shorter time, that must be proved as a fact: Hamilton v. Ross, 3 N. J. Eq. 465; McCartee v. Camel, 1 Barb. Ch. 456; Evans v. Stewart, 81 Va. 724.

The rule as to the presumption of death is that it arises from the absence of the person from his domicile without having been heard of for seven years, and the current of authority establishes the rule that the presumption is only that the person is then dead, namely, at the end of the seven years, and does not extend to the death having occurred at the end of any other particular time within that period, but leaves it as a matter of fact whether it was at an earlier or later day: State v. Moore, 11 Ired. 160, 53 Am. Dec. 401; Spencer v. Roper, 13 Ired. 333; Davie v. Briggs, 97 U. S. 628, 24 L. ed. 1086. Although a person who has not been heard of after leaving his home for seven years is presumed to be dead, yet the question as to when such presumed death occurred is to be determined from all the facts and circumstances in the case, there being no presumption either of life or death at any particular time during the seven years: Whiteley v. Equitable Life Ins. Co., 72 Wis. 170, 39 N. W. 369. If one has been absent and unheard of for seven years, the presumption arises that he is then dead, but not that he died at any particular time theretofore. To raise the latter presumption, special facts and circumstances should be shown, reasonably conducing to that end. The evidence need not be direct or positive, but it must be of such a character as to make it more probable that he died at a particular time than that he survived: Hancock v. American Life Ins. Co., 62 Mo. 26. Proof that a person while living happily with his family, and standing well in the community, left home stating that he was going in a boat on a hunting trip, that he had not been heard of two years later, that an empty boat with certain articles of personal property had been found a few days after his disappearance at the place to which he stated he was going, is not sufficient to raise a presumption of his death at the time of his disappearance, in the absence of evidence that the articles found belonged to him, or that he hired a boat and went in the direction of the place where the boat was found: Martin v. Union Mutual Ins. Co., 13 Wash. 275, 43 Pac. 53.

The presumption of death arising from an unexplained absence for seven years does not necessarily imply that the absent person died at the end of that period. Circumstances may be introduced to show the probability of his death at an earlier date and raise a presumption of death prior to the end of the- seven years' absence: Garden v. Garden, 2 Houst. 574; Winter v. Supreme Lodge Knights of Pythias, 96 Mo. App. 1, 69 S. W. 662; Stouvenel v. Stephens, 2 Daly, 319. But in the latter case strict and strong proof is required to create the presumption: Garden v. Garden, 2 Houst. 574. The jury are entitled to find, as a matter of fact, that a person died within a much less period than seven years since he was last heard of, on circumstantial evidence which leads their minds to such a conclusion: Smith v. Knowlton, 11 N. H. 191; Puckett v. State, 1 Sneed (Tenn.), 356. The presumption of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last known to be living, and when it is sought to prove death within that period by circumstantial evidence, there. must be a showing of diligent inquiry at the last place of residence and among relatives, and any others who would probably have heard from the absent person if living, and also at any known place of fixed foreign residence: Bailey v. Bailey, 36 Mich. 181.

A person who, for seven years, has not been heard from by those who, had he been alive, would naturally have heard from him, is presumed to be dead, but the law does not necessarily raise any presumption as to the precise time of such death, and the jury may infer that he died before the expiration of the seven years, if it appears that within that period he encountered some special peril, or came within the range of some impending or imminent danger, which might reasonably be expected to destroy life: Davie v. Briggs, 97 U. S. 628, 24 L. ed. 1086. Thus, from nonclaimer of rights or exposure to peculiar sickness, death at an earlier period than seven years may be inferred: Robinson v. Robinson, 51 Ill. App. 316. If a person leaves his usual place of residence with an intention of returning to it, and continues to be absent from it for seven years without being heard of, he is presumed to be dead, but the time when such presumption will arise may be greatly abridged by proof that the person has encountered such perils as might be reasonably expected to destroy life, and has been so situated that according to the ordinary course of human events he must have been heard from if he had survived. No general rule can in such cases be established, but each case must be decided by a competent tribunal upon proof of the facts and probabilities that life has been destroyed: White v. Mann, 26 Me. 361.

The presumption arising from the absence of a person for seven years without having been heard from, that he died at the end of that period may be rebutted by proof of facts tending to show that his death occurred at an earlier period: Kauz v. Improved Order of

Red Men, 13 Mo. App. 341; Hancock v. American Life Ins. Co., 62 Mo. 26; Matter of Ackerman, 2 Redf. Sur. 521. The time of the death of a person who cannot be found is presumed to be seven years from the date upon which he was last heard from, but the person to whose interest it is to show that he died before that time may rebut this presumption by showing from facts and circumstances that his death in all probability happened before that day, or at any particular day between that time and the day he was last heard from: Whiting v. Nicholl, 46 Ill. 230, 92 Am. Dec. 249. The burden of proving that the death took place at any particular time within the seven years lies upon the person claiming a right to the establishment of which that fact is essential: Schank v. Griffin, 84 Md. 557, 36 Atl. 443; Corley v. Holloway, 22 S. C. 380; Evans v. Stewart, 81 Va. 724.

**Less than Seven Years' Absence—General Rule Respecting.**—There is no arbitrary rule as to the length of time of the continued absence of a person unheard from or of which will raise a presumption of his death: Czech v. Bean, 35 Misc. Rep. 729, 72 N. Y. Supp. 402. The legal presumption of death permitted by the common law after the absence and lapse of seven years unaccounted for is also allowable before the expiration of that period, if there is evidence tending to prove that death occurred at an earlier date, or showing a greater probability of death than life at the prior date: Carpenter v. Supreme Council Legion of Honor, 79 Mo. App. 597; Waite v. Coaracy, 45 Minn. 159, 47 N. W. 537; Eagle v. Emmet, 4 Brad. Sur. 117; Cambrelleng v. Purton,. 125 N. Y. 610, 26 N. E. 907. Death, like any other fact, may be established by circumstantial evidence, when direct proof is not obtainable, and when the absence of a person without tidings from him concurs with other attendant and supporting circumstances to produce the conviction that he is dead, such proof is all that can be required: Boyd v. New England etc. Life Ins. Co., 34 La. Ann. 448. There is no arbitrary or positive rule in respect to the time when the presumption of death may be drawn from the continued absence of a person. It is not necessary that seven years or any specific period should elapse, to lay the foundation for such presumption, but it may be drawn on a shorter period, whenever the facts of the case warrant it: Merritt v. Thompson, 2 Hilt. 550.

The death of an absent person may be presumed in less than seven years, from other facts and circumstances than exposure to a probably fatal danger, such as the improbability of, and lack of, motive for abandoning his home: Cox v. Ellsworth, 18 Neb. 664, 53 Am. Rep. 827, 26 N. W. 460; Northwestern Mut. Life Ins. Co. v. Stevens, 71 Fed. 258. Thus, the death of an absent person may be presumed in less than seven years from the date that he was last heard from, not only from evidence that he was exposed to peril which probably resulted in his death, but from other facts and circumstances tending to show such result, and in this connection evidence of character,

habits, affections, attachments, prosperity, domestic relations, objects in life, and the like, making the abandonment of home and family improbable, and showing a want of all those motives supposed to influence men to such acts, may be sufficient to raise the presumption of death, or from which the death of one absent and unheard from may be inferred, without regard to the duration of such absence: Tisdale v. Connecticut etc. Ins. Co., 26 Iowa, 170, 96 Am. Dec. 136. If one who is studious in habits, attentive to business, with a fixed and permanent residence and pleasant domestic relations, suddenly disappears, these facts may warrant a jury in finding his death at the time of his disappearance: Hancock v. American Life Ins. Co., 62 Mo. 26.

Less than Seven Years' Absence—Exposure to Peril.—If, when last heard from, a person was in contact with some specific peril, this circumstance may raise a presumption of death without regard to the duration of the absence. But other circumstances may create the same presumption, as where the circumstances of the disappearance are more consistent with the theory of death than that of a continuance of life, when considered with reference to those influences and motives which ordinarily govern men, in either of which cases the jury may infer death at any time within the seven years, such as may seem to it most probable: Lancaster v. Washington Life Ins. Co., 62 Mo. 121; Sheldon v. Ferris, 45 Barb. 124. Absence of a person alone does not raise a presumption of his death unless continued unheard from for seven years, but absence in connection with surrounding circumstances, such as the failure of his family to hear from him, his character, and business and family relations, together with the fact that he was last known to be seen near the place where a murder was supposed to have been committed, and the reputation in his family and with his friends that he is dead, creates a strong presumption of his death at the time of his disappearance, the law being satisfied with less than certainty, yet demanding a preponderance of the evidence. On the other hand, evidence to overcome the presumption of death, that the person supposed to be dead was in a financial condition which might have induced him to abscond, or that he was a speculator, or visionary in his business, is all proper evidence to be considered by the jury in determining the fact of death or life: Sensendefer v. Pacific Mutual Life Ins. Co., 19 Fed. 68. The perils to which one may be exposed and which will raise a presumption of death from his absence unheard from for less than seven years most frequently arise, perhaps, from the perils of the sea. Thus, if, shortly after a vessel sails, a violent storm arose, the death of the captain of such vessel may be presumed to have occurred during such storm, after the lapse of three years without any tidings from such vessel, or any of the persons then aboard: Gibbes v. Vincent, 11 Rich. 323. And one on board a vessel under such circumstances is presumed to have lost his life at the time of the storm in which the vessel is presumed to have gone down or been destroyed: Larned v. Corley, 43

Miss. 688. If a commander of a vessel and his crew and passengers begin a voyage at sea and neither the vessel nor those who went in her are afterward heard of, the presumption arises, after the utmost limit of time for her to have completed the voyage and to have heard from all the commercial ports of the world if she had arrived, that the vessel has been lost and that all on board of her have perished. The presumption of death in such case does not rest upon the fact alone that the person in question has been absent and unheard from for a specific length of time, but also upon the fact that the vessel has not been heard from, and the question in such case is not whether it is not possible that the person may be alive, but whether the circumstances do not present so strong a probability of his death that a court should act thereon. Presumptions founded on a reasonable probability must prevail as against mere possibilities, otherwise the conclusion could never be arrived at, that a man was dead until the natural limit of human life had been reached: Meritt v. Thompson, 1 Hilt. 550; and to the same effect, Gerry v. Post, 13 How. Pr. 118; King v. Paddock, 18 Johns. 141; Oppenheim v. Wolf, 3 Sand. Ch. 571. If a person takes passage on a vessel and is shown when last seen on the voyage to be sick and despondent and leaning out through a ''shutter'' which opens on the water, and when the voyage is ended ineffectual search is made for him, while his belongings are found in his room, and he was not seen to go ashore at way ports and could not have landed unobserved, the facts are amply sufficient to show that he was brought in contact with a specific peril and to raise the presumption that he met his death by drowning at the time when last seen: Lancaster v. Washington Life Ins. Co., 62 Mo. 122.

Long-continued Absence.—If a person has been absent from his home for a long time, the period of his absence exceeding seven years without his having been heard from or of, and nothing appears to account for such absence, the jury may, and ought to, presume his death, as a legal presumption of his death then arises: Bailey v. Bailey, 36 Mich. 181; Matter of Barr, 38 Misc. Rep. 355, 77 N. Y. Supp. 935; Matter of Sanford, 199 App. Div. 479; Miller v. Beates, 3 Serg. & R. 490, 8 Am. Dec. 658.

The absence of a person for eight years without being seen or heard of warrants a presumption of his death, and if to this is added the proof of his frequent declarations of an intent to commit suicide, the presumption is strengthened, and warrants the conclusion that his death occurred about the time of his disappearance: Sheldon v. Ferris, 45 Barb. 124. If one is absent twenty years from the place where he and all of his relatives resided, and he has never been heard from, though inquiry has been made for him, he is presumed to be dead so that letters of administration on his estate are authorized: Ferrill v. Grigsby (Tenn.), 51 S. W. 114. If a husband has been absent from his home and unheard of by his wife for seventeen years, he is presumed to be dead: Garwood v. Hastings, 38 Cal. 216; Osborn

v. Allen, 26 N. J. L. 388. And if he has been absent under like circumstances for ten years, his wife may contract a valid marriage with another, as he is presumed to be dead: Estate of Harrington, 140 Cal. 244, 98 Am. St. Rep. 51, 73 Pac. 1000. The continued absence, unheard from, and nonappearance of depositors at a bank for twenty years, and the nonclaimer by them of their deposits, are circumstances sufficient to raise a presumption of their death: Bank of Louisville v. Board of Trustees, 83 Ky. 219. If an unmarried man has been absent and not heard from for more than twenty-five years, it may be presumed that he died seven years from his disappearance and without issue: Chapman v. Kimball, 83 Me. 389, 22 Atl. 254; Shown v. McMackin, 9 Lea, 601, 42 Am. Rep. 680. Such an unexplained absence of forty-three years rebuts the presumption of a continuance of life and creates a presumption that the man is dead and that he left no issue him surviving: McNulty v. Mitchell, 41 Misc. Rep. 293, 84 N. Y. Supp. 89. In Doe ex dem. Hurdle v. Stockley, 6 Houst. 447, it was, however, held that if a married man and his family left the state and were not again heard of for fifty years by any of their relatives living at the place from which they absented themselves, the jury cannot be instructed to presume that they are all dead without issue. It has also been held that under such circumstances it is proper to refuse to distribute the share of an estate bequeathed to an unmarried man who has been absent over fifty years without being heard from, on the presumption that he died without issue, in the absence of satisfactory proof of diligent inquiry at the proper place to ascertain whether he is dead or alive: Dunn v. Travis, 56 App. Div. 317, 67 N. Y. Supp. 743; affirmed Hornberger v. Miller, 163 N. Y. 578, 57 N. E. 1112. The better rule is in accord with this holding, namely, that some inquiry must be made at the absentee's last known place of residence, in order to establish the presumption of his death, no matter how long his absence may have continued: Dworsky v. Arndtstein, 29 App. Div. 274, 51 N. Y. Supp. 597. But it has also been held that the lapse of twenty-four years, though without proof of inquiry or other circumstances, is sufficient to warrant the presumption of the death of a person of whom nothing has been heard for that length of time: Innis v. Campbell, 1 Rawle, 372. The presumption of death from long-continued absence is not an imperative rule of law where the circumstances of the disappearance permit of a different inference: Winter v. Supreme Lodge Knights of Pythias, 96 Mo. App. 1, 69 S. W. 662. One's absence from a particular place raises no presumption of his death, no matter how long such absence is continued if there is no evidence that he ever established his residence there, but his absence from his established home or residence must be proved, and that no intelligence has been received of him for seven years or more: Stinchfield v. Emerson, 52 Me. 465, 83 Am. Dec. 524.

**In Case of Sailors and Soldiers.**—If a sailor departs on a voyage and is not heard from thereafter his death is presumed at the end of seven years: Godfrey v. Schmidt, Cheves Eq. 57. A seafaring man who goes to sea and is not heard from within nine years is presumed to be dead: Burleigh v. Mullen, 95 Me. 423, 50 Atl. 47. Or if a sailor goes to sea and is not heard from for fifteen years, the presumption arises that he is dead: Larned v. Corley, 43 Miss. 688. The same presumption arises if a sailor is absent unheard from for twenty-three years: Sterrett v. Samuel, 108 La. Ann. 346, 32 South. 428; Holmes v. Johnson, 42 Pa. 159. But it is not necessary that seven years or any specific period should elapse to lay the foundation for the presumption of the death of a sailor from his absence, and the presumption may be drawn whenever the facts of the case will warrant it. Thus, if the person "whose death is in question went to sea, and nothing has been heard from the vessel in which he left or of those who went in her, the presumption, after a sufficient length of time has ensued, will be that the vessel was lost, and that all on board perished. The length of time that must elapse to create such presumption depends upon the nature of the voyage and of the navigation, and a court or a jury will be guided by the circumstances that are laid before them, in determining whether such presumption is warrantable or not": Merritt v. Thompson, 1 Hilt. 550. In such cases the presumption of death may arise in a much shorter time than seven years. Thus, if it takes a vessel four months ordinarily to make the voyage, and she is not heard from in seventeen months after her departure, it may be presumed that she is lost and that all on board of her have perished: Merritt v. Thompson, 1 Hilt. 550.

A soldier who, after joining the army goes to war, and never returns nor is heard of afterward, may be presumed dead after twenty-five years: Jamison v. Smith, 35 La. Ann. 609.

**In Case of Extreme Old Age.**—The death of a person may be presumed after a long lapse of time, as where, if alive, he would have been one hundred and fifty years old. Persons, however, have been known to live ninety and one hundred years, and the court cannot say that others have died at an earlier age without some evidence on the subject: Hammond v. Inloes, 4 Md. 141.

The civil law presumes a person to be living at the age of one hundred years, and the common law does not stop much short of this: Roe ex dem. Watson v. Tindal, 24 Ga. 494. Thus under the civil law the death of an absentee who is less than one hundred years old is never presumed, but must be clearly shown as a fact: Hayes v. Berwick, 2 Mart. 138, 5 Am. Dec. 727; Miller v. McElwee, 12 La. Ann. 476; Martinez v. Succession of Vives, 32 La. Ann. 305; Willett v. Andrews, 51 La. Ann. 486, 25 South. 391. The death of a person before the bringing of the suit may be presumed when it would be contrary to the ordinary course of nature, through lapse of time, that

he should be living at that time, although it is not necessary to indulge any presumption of the period when death occurred, or up to which time life endured: Sprigg v. Moale, 28 Md. 497, 92 Am. Dec. 698. Thus, a grantor in a deed will be presumed to be dead eighty years after its acknowledgment by him: Young v. Shulenberg, 165 N. Y. 385, 80 Am. St. Rep. 730, 59 N. E. 135. The maker of a power of attorney, though aged, is presumed to have been alive five years later, at the time of the execution of a deed in his name by his attorney in fact appointed under such: Chicago etc. R. R. Co. v. Keegan, 185 Ill. 70, 56 N. E. 1088.

Presumption at Time Judgment Rendered.—In the case of a judgment rendered by a court of a justice of the peace more than twenty-five years in the past, in the absence of proof that the defendant was dead at the time that the suit was brought and prosecuted to judgment, the presumption is that the defendant was living at that time, and not that he was dead: Willis v. Ruddock Cypress Co., 108 La. 255, 32 South. 386.

Survivorship—Generally.—At common law there is no presumption of survivorship in case of persons who perish by a common disaster, and in the absence of evidence from which survivorship can be determined, it will be presumed for the purpose of settling rights to property, that all persons of whatever age or sex, perishing in a common disaster, died at the same time, as the common law does not, under any circumstances, even in the case where two or more perish by the same calamity, indulge in any presumptions of survivorship resting upon considerations of age or sex: Balder v. Middeke, 92 Ill. App. 227; Middeke v. Balder, 198 Ill. 590, 92 Am. St. Rep. 284, 64 N. E. 1002, 59 L. R. A. 653; Russell v. Hallet, 23 Kan. 276; Johnson v. Merithew, 80 Me. 111, 6 Am. St. Rep. 162, 13 Atl. 132; Newell v. Nichols, 75 N. Y. 78, 31 Am. Rep. 424; Stinde v. Goodrich, 3 Redf. Surr. 87; Willbor's Petition, 20 R. I. 126, 78 Am. St. Rep. 842, 37 Atl. 634, 51 L. R. A. 863; Cook v. Caswell, 81 Tex. 678, 17 S. W. 385. Where two persons perish by the same disaster, there is no presumption of law as to survivorship, in the absence of a rule prescribed by positive statutory enactment: Robinson v. Gallier, 2 Woods, 178, Fed. Cas. No. 11,951. In a question of survivorship arising out of a common calamity, legal presumption founded upon the circumstances of age, size or physical strength do not generally obtain in the United States. That is a doctrine of the civil law which has not been adopted, and has been given no sanction in our system of jurisprudence: Smith v. Croom, 7 Fla. 81; Coye v. Leach, 8 Met. 371, 41 Am. Dec. 518. The presumptions of law as to survivorship as between persons perishing in the same disaster which have become the rule of the civil law, have been adopted by the Civil Code of Louisiana and by the Code of Civil Procedure of California, section 1963, subdivision 40; but such presumptions apply only in the absence of circumstances of the fact, and when persons are respectively entitled

to inherit from one another: Robinson v. Gallier, 2 Woods, 178, Fed. Cas. No. 11,951. And, generally speaking, where several lives are lost in the same disaster, there is no presumption from age or sex that either survived the other, and the fact of survivorship must be proved by the person asserting it: Johnson v. Merithew, 80 Me. 111, 6 Am. St. Rep. 162, 13 Atl. 132; Supreme Council of Royal Arcanium v. Kacer, 96 Mo. App. 93, 69 S. W. 671, 169 Mo. 301, 92 Am. St. Rep. 301, 69 S. W. 370, 59 L. R. A. 653. He who claims a right by virtue of survivorship must prove the fact of the survival of him through whom he claims, and failing in this, the property or fund remains vested as it was before the calamity: Middeke v. Balder, 198 Ill. 590, 98 Am. St. Rep. 284, 64 N. E. 1002, 59 L. R. A. 653; United States Casualty Co. v. Kacer, 169 Mo. 301, 92 Am. St. Rep. 641, 69 S. W. 370, 58 L. R. A. 436. Disparity of age may be considered in determining the question of survivorship as between an adult and an infant, or a person well stricken in years: Cuye v. Leach, 8 Met. 371, 41 Am. Dec. 518. And if several persons grown and infant perish in a fire, the probable origin thereof and the location of the bodies when found may be considered as an aid in determining the question of survivorship: Will of Ehle, 73 Wis. 445, 41 N. W. 627. And the fact of such survivorship does not require any higher degree of proof than any other fact in a civil case: Robinson v. Gallier, 2 Woods, 178, Fed. Cas. No. 11,951.

Survivorship in Case of Husband and Wife.—It is a general rule that if husband and wife are shown to have perished in the same casualty, nothing appearing to the contrary, there is no presumption of survivorship, but it is presumed that both died at the same moment: Kansas Pacific Ry. Co. v. Miller, 2 Colo. 445; Balder v. Middeke, 92 Ill. App. 227; Middeke v. Balder, 198 Ill. 590, 92 Am. St. Rep. 284, 64 N. E. 1002, 59 L. R. A. 653; Fuller v. Linzee, 135 Mass. 468. If husband and wife die together on the same night from an escape of gas in their room there is, in the absence of evidence upon the point, no presumption that one survived the other: Southwell v. Gray, 35 Misc. Rep. 740, 72 N. Y. Supp. 342. And in such case where a benefit certificate of insurance provides that it shall be paid to the heirs of the deceased member, in case the named beneficiary dies before the insured, and the wife of the member is named as beneficiary, the benefits must go to the heirs of the deceased member, and not to the heirs of his wife: Middeke v. Balder, 198 Ill. 590, 92 Am. St. Rep. 284, 64 N. E. 1002, 59 L. R. A. 653; Southwell v. Gray, 35 Misc. Rep. 740, 72 N. Y. Supp. 342. A different conclusion was reached in Cournan v. Rogers, 73 Md. 403, 21 Atl. 64, 10 L. R. A. 550, where it was held that there was no presumption of survivorship, but that in the absence of competent and sufficient evidence to show that the wife, the nominated beneficiary, died before her husband, her legal representatives were entitled to the fund.

If both husband and wife perish in the same calamity, no presumption of survivorship of the wife arises from the fact that an order of the probate court granting letters of administration upon her estate recites that she was the surviving wife of her husband, and in a proceeding by her administrator to set aside the probate of her husband's will, it is error to refuse evidence aliunde upon the question of survivorship: Sanders v. Simcich, 65 Cal. 50, 2 Pac. 741; but under subdivision 40 of section 1963 of the Civil Code of California, a presumption of survivorship arises where two persons perish in the same calamity from the probabilities resulting from strength, age and sex of the victims, and it results that if husband and wife perish in the same calamity, and there is nothing to show which expired first, and both are between the ages of fifteen and sixty, he is presumed to have been the survivor: Hollister v. Cordero, 76 Cal. 649, 18 Pac. 855. See the application of this rule, where the calamity was an earthquake, in Grand Lodge v. Miller (Cal. App.), 96 Pac. 22. If a husband and wife perish together at sea, it is presumed that he survived her: Moehring v. Mitchell, 1 Barb. Ch. 264.

**Survivorship in Case of Parent and Child, or Other Relatives.—** If a mother and her infant son perish in a common catastrophe, and there is no positive evidence as to which perished first, there is no presumption of survivorship, but it will be presumed that both perished at the same time: Stinde v. Goodrich, 3 Redf. Surr. 87. The same presumption prevails as to mother and child, regardless of age or the sex of the child: Moehring v. Mitchell, 1 Barb. Ch. 264; Russell v. Hallett, 23 Kan. 276; Cook v. Caswell, 81 Tex. 678, 17 S. W. 385. In case of a mother, aged sixty-nine years, her son in law, aged forty-five, and his two children, aged respectively ten and seven years of age, who all perished in the same shipwreck, there is no presumption of survivorship: Newell v. Nichols, 75 N. Y. 78, 31 Am. Rep. 424; and if three sisters perish in the same calamity, no fact or circumstance appearing from which it may be inferred that either survived the other, the rights of succession to their estate are to be determined as if death occurred to all at the same moment: Petition of Willbor, 20 R. I. 126, 78 Am. St. Rep. 842, 37 Atl. 634, 51 L. R. A. 863. No presumption of survivorship exists as between a father, seventy years of age, and his daughter, thirty-three years of age, each of whom perished in the same disaster. In the absence of all evidence of survivorship in such case, the presumption is that the death of each occurred at the same instant: Coye v. Leach, 8 Met. 371, 41 Am. Dec. 518. This is the rule at common law in the absence of express statute to the contrary, but in Louisiana, where the civil law prevails, there is no presumption as to simultaneousness of death. Hence if a mother fifty-two years of age and her daughter aged thirty-five years perish in the same calamity, the latter is presumed to have been the survivor: Succession of

Langles, 105 La. 39, 29 South. 739. A presumption of survivorship may arise from facts in evidence. Thus, if a son of affectionate disposition and in the habit of writing frequently to his parents has not been heard from for nearly seven years prior to the death of his father, and was that long ago very ill with consumption, it will be presumed that his father outlived him: Leach v. Hall, 95 Iowa, 611, 64 N. W. 790. If a father and his son both disappear and are unheard of for seven years, the presumption is that both are dead, but there is no presumption that the father survived the son from the mere fact that he was seen or heard of later than the son when both have not been seen or heard of for more than seven years, and in such case property in which the father has a life estate and the son a vested remainder, but which would go to the father if he survived his son, must be distributed as the property of the son: Schank v. Griffin, 84 Md. 557, 36 Atl. 443.