Marshall, Ch. J.,
 

 delivered the opinion of the court. — This is a writ of error to a judgment rendered in favor of the defendants, in *-
 

 an ejectment brought by the plaintiffs in the court of the United States for the seventh circuit and district of Kentucky.
 

 The plaintiffs claimed title as heirs of the Reverend James Madison, deceased, under a patent issued to him by the governor of Kentucky, on the 8th day of August 1798. A verdict and judgment having been rendered for the defendants, the plaintiffs have brought the cause into this court by writ of error. The case depends on several bills of exception taken to certain opinions given by the court at the trial of the cause.
 

 
 *56
 
 The plaintiffs gave in evidence the patent to their ancestor. It grants to the Reverend James Madison a certain tract or parcel of land, containing 1850 acres, by survey, &c., and “ bounded as follows.” It then describes the exterior lines of the whole tract, after which the following words are used; “including within said bounds, 542 acres of land entered for John Preston, 425 acres for William Garrard — both claims have been excluded in the calculation of the plat, with its appurtenances,” &c.
 

 They then gave evidence conducing to prove the death of the grantee, before the institution of the suit ; that the plaintiffs, Susannah and James C., were his heirs-at-law, and that the plaintiff Susannah had intermarried with the plaintiff Robert G. Scott. They then introduced Mrs. Eppes as a witness, who swore, that she resided in Petersburg, Yirginia, and that Bishop Madison resided in Williamsburg, Yirginia ; that while she resided in Petersburg, she had seen Bishop Madison, and was acquainted with his daughter only by report; that she had never seen her or Mr. Scott, but recollects to have heard of her marriage in Petersburg, as she thought, before the death of her father; that she could not state from whom she heard the report, but she had three cousins, who went to college, at the time that she lived in Petersburg, and had no doubt, that she heard them speak of the marriage ; that she heard of the marriage of Miss Madison, before her * 1 own marriage, as she thought, which was in 1810 ; that she was, *as J she believed, in 1811, in Williamsburg, and was told that Mr. Madison was dead. On the motion of the defendants, the court excluded this testimony as incompetent; and the counsel for the plaintiffs excepted to this opinion.
 

 In considering this exception, some diversity of opinion has prevailed in this court, with respect to that part of it which related to the time of the intermarriage between the plaintiffs, Robert G. Scott and Susan his wife. Some of the judges think, that the evidence given by Mrs. Eppes respecting the time, as well as respecting the fact of intermarriage, comes within the general rule excluding hearsay testimony, which was laid down by this court in the case of
 
 Mima Queen
 
 v.
 
 Hepburn,
 
 7 Cranch 290. That rule is, “that hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses who speak from their own knowledge.” Others think, that the fact of the marriage being established by other testimony, the circumstance that this fact was communicated to the witness, before another event took place, becomes itself a fact, and is evidence that the marriage was anterior to that other event. It becomes unnecessary to decide on this principle, because we are all of opinion, that so much of the testimony of Mrs. Epjjes as goes to prove the death of Mr. Madison was admissible, and ought not to have been excluded.
 

 On the motion of the defendants, the court also instructed the jury, “that if the plaintiffs did not show to their satisfaction, that the defendants resided within the plaintiffs’ grant, and outside of the land claimed of Preston and Garrard, they ought to find for the defendants. An exception was taken to this opinion ; and the plaintiffs contend, that it is erroneous, because the grant comprehends all the land within the exterior lines of the survey; and that, the exception of the equitable claims of Preston and Garrard did not impair the legal effect of the grant, but subjected the grantee to the equitable demands of those claimants.
 

 
 *57
 
 Patents of this description arc not unfrequent in Kentucky. They have been always held valid so far as respected the land not excluded, but to pass no legal title to the land excepted from the grant. The plaintiff does not controvert this general "'principle but contends, that the peculiar language of this grant forms an exception to the general rule ; and L ®7 exempts this patent from its operation. The language is, that the lands entered for John Preston and William Garrard are included within the same bounds, but “both claims have been excluded in the calculation of the plat, with its appurtenances,” &c. We think these words manifest an intent to except the lands of Preston and Garrard from the patent. The government could not mean to convey to Madison lands belonging to others, by a grant which recognises the title of those others. If we entertained doubts on this subject, those doubts would be removed, by the construction which we understand the courts of the state have put on this patent.
 

 The defendants claimed under a patent issued by the governor of Kentucky to John Grayham, on the 3d of January 1814, and showed two deeds from John Grayham, one to Silas Ratliffe, one of the defendants, for 100 acres of land, dated the 12th of August 1814, the other to Thomas Owings, also a defendant, for 400 acres of land, dated the 25th of March 1816. They also gave evidence conducing to prove, that they, and those under whom they claimed, had a continued possession, by actual settlement, more than seven years next before the bringing this suit. The plaintiffs then moved the court to instruct the jury, that seven years’ possession, as aforesaid, was no bar to the plaintiffs’ recovery ; but the court overruled the motion, and instructed the jury, that if they believed from the evidence, that the plaintiffs had been more than seven years in possession, next before the bringing the action, that the act, commonly called the seven years’ limitation act, of Kentucky, passed in 1809, was a bar to the plaintiff's’ recovery ; unless the jury should find, that Susan Madison was a
 
 feme covert,
 
 when her father, the patentee, died, .or was so at the time the defendants acquired their titles by contract or deed from the patentee, John Grayham. The plaintiffs
 
 excepted
 
 to this instruction.
 

 Their counsel admits the constitutionality of the act of limitations referred to in the opinion of the court ; and that it is a bar to the action as to those defendants who show title under John Grayham ; but insists, that only two of the defendants *show such title, and that the plaintiffs are ri. entitled to judgment against the others. There is no question L respeoting the law as applicable to the fact ; but some doubt exists respecting the fact. It is understood, to bo settled in Kentucky, that their limitation act of 1809 protects those only who are connected with a patent from government, by paper title ; and the record shows conveyances from Gray-ham to Ratliffe and Owings only ; but it cannot escape us, that the object of the plaintiffs’ motion and exception was, to bring into review and question the constitutionality of the act of 1809. He, therefore, does not discriminate between those who have, and and those who have not, title ; his motion comprehends all the defendants. The instruction given by the judge is also in general terms ; obviously not contemplating any difference of situation or right between the several defendants. We find expressions in the conclusion of the instruction, leading to the opinion, that in fact there was no distinction between the defendants. After declaring that the statute
 
 *58
 
 was a bar, tbe judge adds, “ unless the jury should find that Susan Madison was a
 
 feme covert,
 
 when her father, the patentee, died ; or was so at the time the defendants acquired their titles by contract or deed from the patentee, John Grayham.” The words, “at the time the defendants acquired their titles by contract or deed from the patentee, John Grayham,” can apply to those defendants only who did so acquire their title. The language of the judge cannot be construed to indicate, that the conveyance to Ratliffe and Owings could avail those who did not claim under them. The defendants might all claim under them. Some confusion, undoubtedly, exists in the statement of the fact, both in the motion and in the instruction ; but we think both may be fairly understood as applying only to defendants claiming under John Grayham. We cannot say, that this instruction is erroneous.
 

 The judgment is reversed, for error in the entire exclusion of the testimony of Mrs. Eppes ; and the cause is to be remanded, with instructions to award a
 
 venire facias de novo.
 

 This cause came on to be heard, on the transcript of the ^record, from the circuit court of the United States for the seventh circuit and district of Kentucky, and was argued by counsel: On consideration whereof, this court is of opinion, that there is error in the proceedings and judgment of the said circuit court in this, that the testimony of Mrs. Eppes, a witness in the said cause, was totally excluded ; whereas, the same ought to have been admitted, so far as it conduced to prove the death of James Madison, the ancestor of the plaintiffs : Therefore, it is considered, ordered and adjudged by this court, that the said judgment be and the same is hereby reversed and annulled ; and that the cause be and the same is hereby remanded to the said circuit court, with directions to award a
 
 venire facias de nov.o.