MARIA J. WENTWORTH *vs.* ARTHUR F. WENTWORTH.

York.    Opinion February 24, 1880.

*Death — presumption from absence.    Dower.    Witness — competency of.*
*R. S., c. 82, § 87.*

If a person leaves his usual home and usual place of residence for temporary purposes, and is not heard of or known to be living for the term of seven years, by those persons who would naturally have heard from him during the time had he been alive, the presumption is that he is dead.    The rule does not confine the intelligence to any particular class of persons; it may be persons in or out of the family.

A failure to hear from an absent person for seven years, who was known to have had a fixed place of residence abroad, would not be sufficient to raise a presumption of his death, unless due inquiry had been made at such place without getting tidings of him.

The demandant in a writ of dower is a competent witness in her own behalf, although the tenant holds the estate by inheritance from his father, the demandant's late husband.    The son is not "made a party as an heir of a deceased party," but is a party because the tenant of the estate.

Where an agreement between husband and wife made before marriage, is set up as a bar to her right to recover dower in his estate by the heirs of the deceased husband, and the widow seeks to avoid the agreement as obtained from her by her husband's fraud, his declarations that the agreement was void or invalid or good for nothing, and like expressions, are admissible in connection with other evidence, as tending to show the alleged fraud.

ON EXCEPTIONS, AND MOTION to set aside the verdict.

Action of dower.

The writ was dated September 4, 1877.

The verdict was for demandant.

The defendant introduced in evidence a paper, signed, executed and acknowledged, February 4, 1867, by the plaintiff and her deceased husband, Asa Wentworth, prior to and in contemplation of their marriage, by which they apparently intended "to bar each other of all rights, title and interest, which we might otherwise have in each other's estate, by reason of the aforesaid marriage."    And the court admitted testimony, on the part of the plaintiff, of the declarations of Asa Wentworth in relation to that paper.

All the other material facts appear in the opinion.

*R. P. Tapley*, for the plaintiff, cited : 1 Greenl. Ev. § § 41, 189, 190 ; *Newman, Adm'r,* v. *Jenkins*, 10 Pick. 515 ; 2 Wharton, Ev. § § 1274, 1276, 1277, 1156, 1157, 1163 ; *White* v. *Mann*, 26 Maine, 370 ; *Glidden* v. *Dunlap*, 28 Maine, 379 ; *Lawrence* v. *Chase*, 54 Maine, 196 ; R. S. c. 82, § 87, and c. 103, § 17 ; *Dennen* v. *Haskell*, 45 Maine, 430 ; *Whitney* v. *Cottle*, 30 Maine, 31 ; *Hovey* v. *Hobson*, 55 Maine, 256 ; *Hatch* v. *Dennis*, 10 Maine, 244 ; *Shirley* v. *Todd*, 9 Maine, 83 ; *Mackintosh* v. *Bartlett*, 67 Maine, 130 ; *Harriman* v. *Sanger*, 67 Maine, 442 ; *Bacheller* v. *Pinkham*, 68 Maine, 253 ; *Darby* v. *Hayford*, 56 Maine, 246.

*Copeland, Burbank & Derby*, for the defendant.

I. The facts related by demandant are not sufficient to raise the legal presumption of death of her first husband. There should have been evidence of search, and inquiry, and inability to find out the facts, together with the proof of the lapse of time, to raise the presumption of death. The case discloses nothing of the kind. 19 Car. 2, c. 6 ; Hubbach's Ev. of Succession, 170, 171 ; Best on Presumptions, 191 ; *McCarter* v. *Camel*, 1 Barb. c. 462 ; *Doe* v. *Andrews*, 15 Ad. & El. 760, n. s. ; *Doe* v. *Deakin*, 4 Barn. & Ald. 433 ; 2 Scribner on Dower, 212 ; 2 Greenl. Ev. 278 ; *Stinchfield* v. *Emerson*, 52 Maine, 465 ; *Loring* v. *Steineman*, 1 Met. 211.

II. The plaintiff was incompetent as a witness under R. S., c. 82, § 87, as the respondent was made a party as heir of Asa Wentworth. *Cary* v. *Herrin*, 59 Maine, 361 ; 1 Wharton Ev. § 466 ; *Ayres* v. *Ayres*, 11 Gray, 130 ; *Smith* v. *Smith*, 1 Allen, 231 ; *Farrelly* v. *Ladd*, 10 Allen, 127.

III. The declarations of Asa Wentworth, deceased, as to the validity of an instrument, made years after its execution were inadmissible. 1 Greenl. Ev. § 441 ; Starkie Ev. 176. New trial. *Stover* v. *Poole*, 67 Maine, 220.

PETERS, J. The jury found, that the former husband of the demandant was deceased at the time of her second marriage. The defendant contends that the evidence was insufficient to warrant the finding. The first marriage was in 1852, the other in 1867. In 1853, the first husband left Massachusetts for

California.   There is no evidence that he had in mind any definite place of abode or of business in the latter state.   Since the year 1853, his wife has never heard from or had any account of him.

The rule of law is, that, upon a person's leaving his usual home and place of residence, for temporary purposes, and not being heard of, or known to be living, for the term of seven years, the presumption is that he is not alive.   It must appear that he has not been heard of by those persons who would naturally have heard from him during the time had he been alive.   The rule, however, does not confine the intelligence to any particular class of persons.   It may be to persons in or out of the family.   The mere failure to hear from an absent person for seven years, who was known to have had a fixed place of residence abroad, would not be sufficient to raise the presumption of his death, unless due inquiry had been made at such place without getting tidings of him.   *Loring* v. *Steineman*, 1 Met. 211; *Flynn* v. *Coffee*, 12 Allen, 133; *Doe* v. *Jesson*, 6 East. 80; *Doe* v. *Deakin*, 4 Barn. & Ald. 433; *Doe* v. *Andrews*, 15 Ad. & Ell. (n. s.) 760; Bac. Abr. Evidence, H. & cases; 2 Greenl. Ev. § 278, & notes; *White* v. *Mann*, 26 Maine, 361; *Stevens* v. *McNamara*, 36 Maine, 178; *Kidder* v. *Blaisdell*, 45 Maine, 467; *Stinchfield* v. *Emerson*, 52 Maine, 465.   See *Lessee of Scott* v. *Hatliffe*, 5 Pet. 81.

The defendant contends that inquiry and search should have been instituted by the wife, to have rendered her testimony satisfactory.   A wife deserted by her husband, if she has an affection for him, and nothing appears to the contrary here, is always upon the inquiry for him until hope gives way to despair. And it may well be believed that the husband, if alive, would have returned to her.   He must have known where her domicile was.   Under the circumstances, we think more active and diligent inquiry would have been fruitless.   There is really more evidence in this case to show the missing husband, if ever alive, to have been dead, than there is to show that such a person ever existed.

A point is taken, though untenable we think, that the demandant should have been debarred from testifying, the tenant holding the estate as an heir of the demandant's husband.   The

statute (§ 87, c. 82, R. S.,) provides that the living party shall not testify, where the other party is an executor or administrator, " or made a party as an heir of a deceased party." The statutory inhibition applies only in cases where the heir is made a party *because* he is an heir, and where the ancestor would have been the party were he alive. It was intended to reach cases where real estate is represented in court, by heirs, as personal estate is by executors or administrators; as where, in a real action, heirs come in to prosecute or defend a suit, instead of their ancestor who dies *pendente lite;* or where heirs commence proceedings to redeem a mortgage running to the ancestors (*Cary* v. *Herrin,* 59 Maine, 361) ; or where the proceeding is against heirs to recover land, which, in the lifetime of the ancestor, was held in trust for another person. (*Simmons* v. *Moulton,* 27 Maine, 496). Here the defendant is not sued because an heir. He would have been sued, if a grantee of his father. He is sued only because he is the tenant of the estate. Nor would the ancestor, if alive, be situated as he is. In such case there could be no claim or action. The case of *Nash* v. *Reed,* 46 Maine, 168, virtually decides the point against the defendant in this case ; and the same doctrine is held in the case of *Flynn* v. *Coffee,* 12 Allen, 133, before cited. In the latter case the court say : "In suing to recover her dower, there is no party to the contract or cause of action who is dead, within the meaning of the statute, so as to preclude her from testifying. It is only upon the death of her husband, and not in his life, that her right of action accrues."

The husband's declarations were properly admitted, to show that he fraudulently obtained the agreement about dower. They were admitted and could be used for no other purpose. That question opened a wide field for testimony.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.