ANSLEY HITZ

*v.*

OLAF H. AHLGREN.

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

1. EVIDENCE—*rule as to presumption of death from seven years' absence stated.* ·The absence of a person for seven years from his usual place of abode or resort, of whom no account can be given and from whom no intelligence has been received during that time, raises the presumption that he is dead.

2. SAME—*to raise presumption of death, absence must be from usual place of abode.* The mere absence of a person from a place where his relatives reside, not his own residence, and the failure of his relatives to receive letters from him for a period of seven years, are not of themselves sufficient to raise presumption of death.

3. SAME—*what must be shown to raise presumption of death.* In order to raise the presumption of death of a person after seven years' absence, there must be evidence of diligent inquiry at his last place of residence, and among his relatives, and any other persons who would probably have heard from him were he living.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Appellant filed his bill in the Superior Court of Cook county to establish title to an undivided two-thirds of lot 123, in Hull's subdivision to Chicago, alleging the destruction of the original records by the fire of 1871. The bill proceeded upon the theory that one John Phalen was the owner of this lot in 1870, and that he had been absent and not heard from for seven years, and therefore a presumption of his death had arisen. On this presumption appellant had obtained quit-claim deeds from four of the six alleged brothers and sisters of Phalen, and claimed title· to an undivided two-thirds of the lot in question. The answer of appellee denied the death of John Phalen or that the parties executing the quit-claim deeds had any interest whatever in the property, and set up that in 1887 one Leonard C. Stebbins filed a bill under the Burnt

Records act, in the Superior Court of Cook county, claiming color of title acquired in good faith to this lot, together with payment of taxes for seven successive years, and thereafter took possession of the property; that a decree was entered on said bill establishing and confirming title in Stebbins, who afterwards, by deed, conveyed to appellee.

The only witness called upon to testify in this case was one Bridget Cullen, for complainant below, who represented herself to be a sister of John Phalen. Some question arose as to the names of the parties conveying to appellant, all of whom executed their deeds under the names of *Phelan*. It developed, however, from the testimony of this one witness, that John Phalen was not a resident of Chicago. He made his home in St. Louis, New Orleans and Indian Territory, and only occasionally visited Chicago, the last time being about the time of the Chicago fire. The witness testified she heard from him once or twice within a year after that time, and then communication ceased. It seems, however, that she is unable to read or write or in any way to carry on a correspondence. The other heirs were scattered in different parts of the country. After the Chicago fire the lot had apparently been abandoned, and no attention paid to it by any one except appellee and his grantors, until the procurement of these quit-claim deeds by appellant, in 1893.

On this evidence the Superior Court of Cook county, at the close of complainant's testimony, allowed the motion of defendant below and entered a decree dismissing the bill. A motion to set aside this decree and grant a rehearing was subsequently granted, and appellant was permitted to show an unavailing search for John Phalen in New Orleans. The Superior Court still retained the same view of the case after the rehearing and entered a decree dismissing the bill, from which an appeal is prosecuted to this court seeking to reverse that decree.

Oliver & Mecartney, for appellant:

The absence of a party for seven years, without any intelligence being received of him within that time, raises the presumption that he is dead, and the jury, on proof of such absence, have a right to presume his death. *Whiting* v. *Nicoll*, 46 Ill. 230.

At the expiration of seven years the presumption of death arises by law, so that the absentee is to be treated and accounted as dead, just as the common law regarded him as living until death was proved. In neither case is life or death actually proved, but he is accounted as living until, by reason of his absence, he is presumed to be dead; and, as a matter of right and of equity, the relations of parties affected by his life or death are to be determined by these technical presumptions. *Reedy* v. *Millizen*, 155 Ill. 636.

The reputation or general family belief of death is one of the most ancient and well-recognized doctrines of the rule of evidence. Buller's Nisi Prius Cases, 294, 295; *Van-Sickle* v. *Gibson*, 40 Mich. 170; 1 Taylor on Evidence, sec. 642; Wharton on Crim. Evidence, (9th ed.) sec. 245; *Mason* v. *Fuller*, 45 Vt. 29; 1 Wharton on Evidence, sec. 223; *Betty* v. *Nail*, 6 Irish C. L. 17; 1 Greenleaf on Evidence, sec. 104, note *a.*

G. Frank White, for appellee:

A mere failure to hear from a person for seven years, who resided, when last heard from, in a distant city, does not raise the presumption of death. Lawson on Evidence, 214; *McRee* v. *Copelin*, 2 Cen. L. J. 813.

An absence of seven years or more from the established residence of a party must be proved before the presumption of his death can be raised. *Stinchfield* v. *Emerson*, 52 Me. 465.

When a person is once shown to be living, the burden of proof lies upon the party who asserts the death. 1 Greenleaf on Evidence, (15th ed.) sec. 41.

The presumption of life of a person once shown to be living continues until the contrary is shown. *Duke of Cumberland* v. *Graves,* 9 Barb. 595; *Letts* v. *Brooks,* H. & D. Supp. 36.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The principal question presented by this record is whether or not there was such a legal presumption of the death of John Phalen, the former owner of this lot, as would entitle his heirs to make conveyances of the property. The rule in this State is, that the absence of a person for seven years from his usual place of abode or resort, and of whom no account can be given and from whom no intelligence has been received within that time, raises the presumption that he is dead. (*Whiting* v. *Nicoll,* 46 Ill. 230.) In this case it does not appear that the usual place of residence of John Phalen was in Chicago. He was a horse-shoer by trade, and had resided in the Indian Territory a number of years; had engaged in working at his trade in the army through the war; had lived in New Orleans, and, as probably shown by the testimony, also in St. Louis. The mere facts that he was absent from Chicago, and that one relative living in Chicago, who could neither read, write nor carry on a correspondence, had received no letters from him, were not sufficient, under the law, to raise the presumption of his death. It does not appear from this evidence that other brothers and sisters were not in correspondence with him, nor does it appear that he was absent from the place where he had lived in St. Louis or in the Indian Territory. It is only attempted to be shown by the deposition introduced after the first decree of the court was rendered, that he could not be found in New Orleans.

In order to enforce the presumption of death of a person after an absence of seven years, there must be evidence of diligent inquiry at the person's last place of

residence, and among his relatives, and any others who probably would have heard from him, if living. (*Hancock* v. *American Life Ins. Co.* 62 Mo. 26; 2 Greenleaf on Evidence, (15th ed.) sec. 278*f; Wentworth* v. *Wentworth,* 71 Me. 72; *Bailey* v. *Bailey,* 86 Mich. 182; *Whiting* v. *Nicoll, supra.*) Long absence alone, no matter how long continued, is not sufficient to raise the presumption of death. There must be shown an absence of seven years or more from the established residence of the party, before the presumption of death can be raised. (*Stinchfield* v. *Emerson,* 52 Me. 465.) There is in most States an almost entire uniformity of authority on this question. We hold, therefore, that mere absence of a person from a place where his relatives reside, but which is not his own residence, and mere failure on the part of his relatives to receive letters from him for a period of seven years, are not of themselves sufficient to raise a presumption of death. The absence must be from his usual place of abode or resort.

In this case the trial court heard the evidence in open court, and had a better opportunity to judge of the credibility of the witnesses. The finding of the trial court in a case of this kind is entitled to great weight, and to authorize a reversal it must appear there was error of fact in its finding, and that such error was clear and palpable. *Coari* v. *Olsen,* 91 Ill. 273; *Baker* v. *Rockabrand,* 118 id. 365; *Johnson* v. *Johnson,* 125 id. 510; *Voss* v. *Venn,* 132 id. 14; *Kusch* v. *Kusch,* 143 id. 353; *Allen* v. *Hickey,* 158 id. 362; *Ellis* v. *Ward,* 137 id. 509.

There is no cause shown by this record why the decree of the Superior Court of Cook county should be reversed, and it is affirmed.            *Decree affirmed.*