## City of Litchfield v. Aaron Keagy.

1. PRESUMPTIONS—*Of Death After Seven Years Absence.*—The absence of a person for seven years from his usual place of abode, and of whom no account can be given and from whom no intelligence has been received, raises the presumption that he is dead. To enforce that presumption, however, there must be evidence of diligent inquiry at the person's last place of residence and among those who would probably hear from him if living.

2. SAME—*What is Not Sufficient to Raise the Presumption.*—Mere absence of a person from a place where his relatives reside, which is not his residence, and mere failure on the part of relatives to receive letters from him for a period of seven years, are not of themselves sufficient to raise the presumption of death.

3. TRESPASS TO REAL ESTATE—*Proof of Trial Where a Party Sues as Sole Owner.*—Where a party brings a suit as sole owner and occupant of real estate, against a municipal corporation for damages occasioned by suffering drains to become clogged, he can not recover for permanent injuries done without proof that he is the sole owner.

**Trespass on the Case,** for allowing certain street tiles and drains to become clogged, whereby in heavy rains property becomes flooded. Trial in the Circuit Court of Montgomery County; the Hon. WILLIAM M. FARMER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

PAUL McWILLIAMS, attorney for appellant.

ZINK & KINDER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee, as sole owner and occupant of lot seven, block twenty-four, of the city of Litchfield, sued the city and recovered judgment for $213 in an action on the case for allowing certain street tile drains to become clogged and filled, whereby in heavy rains the property became flooded.

The evidence showed that the property was badly flooded on several different occasions, thereby weakening the foundation of the house, killing fruit trees and shrubbery, injuring the well and cellar and depositing upon the ground

refuse from neighboring privy vaults and slaughter-house. Without discussing in detail the evidence as to liability, it is sufficient for us to say that the record shows a clear case of negligence against the city.

The property in question was owned by appellee's mother, who died in 1894, leaving as her only children appellee and his brother, Ur Keagy. Ur Keagy left Litchfield in 1875 and has been heard of but once since. Assuming that his brother was dead, appellee took possession of the property, and after it was flooded brought this suit as sole owner.

It is plain that appellee can not, under the pleadings, recover for permanent injury done the property without proof that he is the sole owner. This he attempted to make by showing absence of his brother from Litchfield for a period of more than seven years, with no intelligence of his whereabouts.

Absence of a person for seven years from his usual place of abode, and of whom no account can be given, and from whom no intelligence has been received within that time, raises the presumption that he is dead. To enforce that presumption, however, there must be evidence of diligent inquiry at the person's last place of residence and among those who would probably hear from him if living. Mere absence of a person from a place where his relatives reside, which is not his residence, and mere failure on the part of relatives to receive letters from him for a period of seven years, are not of themselves sufficient to raise a presumption of death. Whiting v. Nicholl, 46 Ill. 230; Hitz v. Ahlgren, 170 Ill. 60.

The only testimony on this point was that of appellee, who stated merely that his brother left in 1875; that he was then an unmarried man, and that he was last heard from by letter from Fairport, Missouri. The proof is short in not showing where his usual place of abode was, and in not showing diligent inquiry to obtain intelligence from him. For aught that appears in the record, he may now reside in Fairport, Missouri, or inquiry at that place will bring intelligence of his whereabouts.

At the instance of appellee the court gave the jury the following instruction :

· "The court instructs the jury·that if Ur Keagy died, leaving no wife nor child, nor descendants of any child, and that the plaintiff, his brother, survived him, as his nearest relative, then Ur Keagy's interest in the property would vest in the plaintiff by inheritance; and the court instructs the jury that when a person disappears and is not heard of for a long time, the presumption of the continuance of life ceases at the expiration of seven years from the period when he was last heard from."

, Under the authorities above cited this instruction is erroneous. Because of the error of the court in giving it, and because the·proof is insufficient to raise a presumption of Ur Keagy's death, the judgment will be reversed and the cause remanded for another trial.   Reversed and remanded. ·