HEAGANY *v.* NATIONAL UNION.

1. DEATH—PRESUMPTION FROM ABSENCE.

Where the issue is upon the life or death of a person once shown to have been living, the burden of proof lies upon the party who asserts the death; but after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party.

2. LIFE INSURANCE—ACTION—DISAPPEARANCE OF ASSURED—QUESTION FOR JURY.

Where, in an action against a life-insurance company, it appears that insured, an unmarried man of 26 years, who had been living in the family of his brother, left the place where he had been employed for several years, and has not been heard from by his mother and other relatives for over seven years, the question of his death is for the jury, though there is evidence from which the jury might find that he intended not to return.

3. SAME—EVIDENCE—MORTALITY TABLES.

It is not error in such a case to exclude the mortality tables when offered in evidence, the expectancy of life of a man of insured's age not being material.

4. SAME—ADMISSION OF EVIDENCE—HARMLESS ERROR.

The admission of a letter from defendant's superior officer to the local officer in which he states that if assured does not turn up before seven years the order will be liable was not prejudicial, since a different verdict could not have been reached had the letter been excluded.

Error to Saginaw; Snow, J. Submitted January 5, 1906. (Docket No. 28.) Decided March 5, 1906.

Assumpsit by William M. Heagany against the National Union on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Humphrey, Grant & Smith,* for appellant.

*James H. Davitt,* for appellee.

OSTRANDER, J.   The rule stated below seems to be substantially the rule of the text-writers upon the subject of principal controversy in this case:

" Where the issue is upon the life or death of a person, once shown to have been living, the burden of proof lies upon the party who asserts the death.   But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party."   1 Greenleaf on Evidence (15th Ed.), § 41.

See, also, Stephen's Digest of the Law of Evidence (Mich. Ed. 1903), p. 484; 1 Woerner on American Law of Administration, § 207; 1 Jones on Evidence, § 57.   It may be said that this rule has been recognized by this court. *Bailey* v. *Bailey,* 36 Mich. 181; *People* v. *Eaton,* 59 Mich. 559.

In the case at bar there was testimony, undisputed, tending to show that the alleged decedent, an unmarried and healthy man, 26 years of age, who lived in the family of his brother at Saginaw, where he had been employed from September, 1893, left Saginaw in May, 1897, and has not since returned or been heard from, either by his relatives at Saginaw, his mother and sister at Geneva, N. Y., or his brother at Chicago, with the exception that a day or so after leaving he sent certain leases from Flushing to plaintiff, with a memorandum to the effect that he would send for his clothes, and requesting plaintiff to pay some small bills for him and he would send the money in a few days; that inquiry for him had been made at places where he had formerly been employed and elsewhere; that he left wearing apparel and money due to him at Saginaw, and had property interests, in expectancy, at least, in New York.   There was also testimony from which the jury might perhaps have inferred an intention not to return to Saginaw, but to engage in business or to seek employment at some place not designated.   The testimony falls short of the facts considered in some cases (*Wentworth* v. *Wentworth,* 71 Me. 72; *Loring* v. *Steineman,* 1 Metc.

[Mass.] 204; *Policemen's Benev. Ass'n* v. *Ryce*, 213 Ill. 9), in that the person here supposed dead left behind no home or family of his own to which or to whom he might be expected to return. I find no case holding that an expressed intention to return is essential, and there are many cases in which the fact that no intelligence is received by those with whom communication would naturally be made is regarded as important. And the cases above cited are authority for submitting the testimony in this case to the jury.

It is complained that the court erred in giving the jury the following as a part of his charge:

" I will say to you, gentlemen, as a matter of law, that if you find from the preponderance of the evidence in this case that Timothy J. Heagany, the insured, left his residence and bed and has been continuously absent therefrom for a period of over seven years without any intelligence being received by his relatives, the members of his family, of his whereabouts by his neighbors and acquaintance, within said period or at any time thereafter, then such continued absence, together with such lack of intelligence, raises the presumption of death of said Timothy J. Heagany, and you upon such proof have a right to presume him dead at the expiration of seven years"—

Because of the testimony referred to tending in some degree to indicate an intention not to return to Saginaw, and for the further reason that it made—

"Bare absence from Saginaw and failure of relatives to hear from him for a period of seven years sufficient to raise the presumption of death."

In connection with the testimony before the jury and the portion of the charge immediately succeeding that quoted, the rule stated was the proper one.

The question stated in defendant's sixth request to charge was no more material than other questions in the case, was argumentative, and, so far as it was refused, should have been refused.

The assignments of error based upon the admission and exclusion of evidence are considered. It was not error to

exclude the tables of mortality.  The precise expectancy of life of a man of 26 years was not material.

A letter introduced on the part of plaintiff and received over objection was written by a superior officer of defendant to an officer at Saginaw January 24, 1899.  It states the effect of payment and of nonpayment of assessments, and contains the following:

"In such a case nothing short of a showing that the man is really dead could compel action to be taken by us in reference to the payment of the claim on his life.  If he does not turn up before seven years, I assume that the order could be held liable for his claim after that time."

Evidence was introduced to show that assessments had been paid to defendant for about six months after the disappearance; that inquiry was then made of a local officer of the society, with a statement of the disappearance of the insured and the circumstances thereof; and a report of the matter made to the superior officer, whose reply letter is the one in question.  The reply letter was shown to, or delivered to, plaintiff, who continued to pay the assessments.  If it be conceded that the assumption of the officer who wrote this letter could in no way affect the company, it is not evident that defendant was prejudiced by the evidence.  Upon the facts the case is not a doubtful one, and, excluding the letter, it is not to be expected that a different verdict would be returned.

The judgment is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.