# GROFF v. GROFF.

EVIDENCE; PRESUMPTION OF DEATH; WILLS; DIRECTION OF VERDICT.

1. Where seven years have not elapsed since a person's disappearance from his home, the presumption is that he is living; and one claiming to the contrary has the burden of overcoming the presumption by proof. (Citing sec. 252, D. C. Code, 31 Stat. at L. 1230, chap. 854.)

2. In order to overcome the presumption that one who has been heard of within seven years of the time of his disappearance is dead, it must appear that the absent person, during the period after his disappearance, encountered some specific peril, or was subject to some immediate danger inconsistent with the continuation of life, or that there were facts and circumstances surrounding his disappearance and absence which would lead to a conviction that death had occurred within a shorter period than seven years.

3. Where the issue in a will contest is whether a person who disappeared from his home within seven years is dead, and the evidence shows that he voluntarily abandoned his family without apparent cause; that his wife endeavored to trace him through the police department of his home city and another city without avail, and advertised for him through the public press; that he was a building contractor, and had submitted an estimate for work of considerable proportions just before his disappearance; that he owned property and was insured for the benefit of his wife; that after his disappearance the premiums

**D. C.]** Statement of the Case.

on the policy weer paid by his father until the latter's death, and thereafter by the guardian of his infant children; that within a year after his disappearance a friend met and talked with him in a distant city; and that employees of one of his creditors recognized his voice in a telephone conversation regarding the payment of a bill he owed,—the trial court is justified in directing the jury to answer such issue in the negative.

No. 2261. Submitted February 6, 1911. Decided March 6, 1911.

HEARING on an appeal by the caveators from an order of the Supreme Court of the District of Columbia, sitting as a probate court, dismissing the caveat to a will, after the trial by jury of an issue formed therein. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a contest over the settlement of an estate. One Diller B. Groff, a resident of the District of Columbia, died March 8, 1910, leaving a last will and testament bearing date January 23, 1907. The will was admitted to probate and record on May 17, 1910. By its terms the estate was bequeathed as follows: To Rosa V. Groff, $1,000; to Edna Groff, $1,000; to Emory Groff, $2,000; to Adam H. Groff, $100; and the remainder of the estate, aside from certain small bequests, unnecessary to be considered, to his two sons, Chester C. Groff and Diller F. Groff, who were named as executors of the will, and qualified as such.

This suit was brought by Rosa V. Groff on behalf of her minor children, Edna Groff and Mary Groff, who filed a caveat to the will, praying the court to revoke the probate thereof, claiming that her husband, Adam H. Groff, father of the two minor children, was a son of Diller B. Groff, and that he died prior to the date of the death of the testator; claiming further that the said will was not the will of said Diller B. Groff; and alleging that at the time of the execution thereof he was not of sound and disposing mind, and that the execution of the will was procured by undue influence exercised and practised by his son, Diller F. Groff. The executors answered the

caveat, denying all of the material allegations therein, where-
upon the court formed a preliminary issue, which was framed
and certified for a trial by jury, as follows: "Was Adam H.
Groff dead prior to the 8th day of March, 1910?" After hear-
ing the testimony, the court directed the jury, on motion of the
caveatees, to answer the issue in the negative. Subsequently
the caveat was dismissed, and from the decree of dismissal
the case comes here on appeal.

· *Mr. George C. Gertman* and *Mr. John Ridout* for the appel-
lant.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the
appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

· The principal assignment of error, and the one upon which
this appeal can be decided, is to the effect that the court erred
in instructing the jury to find a verdict answering the issue
in the negative. It appears from the evidence that Adam H.
Groff disappeared from the District of Columbia about the
25th of April, 1906; that his wife received a letter from him
the day following, from Richmond, Virginia, the point for
which he had started on leaving Washington the day previous.
He had intended to be gone about three days. It appears from
the testimony of the wife that this letter was the last she ever
heard of him. Effort was made by her to locate him through
the police department at Richmond and other points, but with-
out success. She enlisted the support of the police department
of Washington, and the fact of his disappearance was adver-
tised through the public press; but it brought no clew disclos-
ing his whereabouts.

No reason is given in the record why he should have volun-
tarily abandoned his home and family, and thus disappeared.
There is testimony, apparently to the contrary, to the effect
that a few days before his departure he made the statement

that "if anything happens to pa (meaning the testator), that his will is not evenly divided, I will fight it to the very last, if I lose every penny." It appears that his father was in failing health at this time, and possessed a large estate, valued at about $102,000, with liabilities against it estimated at about $59,000. It also appears that just before leaving home, Adam H. Groof, who was a contractor and builder, had submitted an estimate for the construction of a building of considerable proportions in this District; that he seemed anxious to secure the contract and do the work; that when he left he owned two pieces of real estate, which were mortgaged; that his life was insured for the benefit of his wife; and that, after his departure, premiums upon the policy were paid by the testator up to the time of his death, and since his death have been paid by the guardian of the caveators. This, in substance, constitutes the evidence submitted on behalf of the caveators.

The caveatees introduced a witness who had known Adam H. Groff for many years prior to his disappearance, who testified that he had seen Groff and talked with him in New York city in the latter part of the summer or early fall of 1906; that he had known Groff for fifteen years; that his health seemed to be normal; that he was dressed about as usual, and that he appeared to be in his usual condition. Further evidence was offered to show that in 1909, Adam H. Groff communicated over the telephone with an employee of George E. Walker, lumber merchant, of this city, with regard to the payment of a bill due the company from him. This testimony was supported by that of another employee of Walker, who claims that he also talked with Groff over the phone at this time. The testimony, however, as to these conversations, was somewhat indefinite, as the party telephoning did not give his name, but the witnesses thought that they positively identified his voice, and seem to be definite in their belief that it was Adam H. Groff with whom they talked. This in substance constituted all the evidence that was introduced, and upon which the court directed a verdict for the caveatees.

The sole question presented is whether or not this evidence

is sufficient to overcome the presumption that Adam H. Groff
was still alive at the date of his father's death, March 8, 1910.
Section 252 of the Code [31 Stat. at L. 1230, chap. 854] pro-
vides: "If any person shall leave his domicil without any known
intention of changing the same, and shall not return or be
heard from for seven years from the time of his so leaving,
he shall be presumed to be dead, in any case wherein his death
shall come in question, unless proof be made that he was alive
within that time." This is but a declaration of the common-
law rule of evidence in regard to presumptive death. Seven
years had not elapsed at the time of the death of the testator
since the disappearance of Adam H. Groff. The burden of
proof therefore rested upon the caveators to establish his death,
and overcome the presumption of the statute. It is somewhat
difficult, under the decisions of the courts, to determine just
what state of facts is sufficient to overcome this presumption.
The rule, however, seems to be that, in order to overcome the
presumption, it must appear that the absent person, during the
period after his disappearance, encountered some specific peril,
or was subject to some immediate danger, inconsistent with the
continuation of life, or that there were facts and circumstances
surrounding his disappearance and absence which would lead to
a conviction that death had occurred within a shorter period
than that prescribed by the statute.

In the case of *Davie* v. *Briggs,* 97 U. S. 628, 24 L. ed. 1086,
the court said: "If it appears in evidence that the absent per-
son, within seven years, encountered some specific peril, or
within that period came within the range of some impending
or immediate danger, which might reasonably be expected to
destroy life, the court or jury may infer that life ceased before
the expiration of the seven years." And in the case of *Fidelity
Mut. Life Asso.* v. *Mettler,* 185 U. S. 308, 46 L. ed. 922, 22
Sup. Ct. Rep. 662 (the case chiefly relied upon by counsel for
caveators), the court held that the inference of death may arise
from disappearance under circumstances inconsistent with a
continuation of life. In that case the circumstances as detailed
by the witnesses were such as to scarcely admit of a reasonable

hypothesis other than the inference of death. None of these conditions are present in this case. We fail to find from this record any circumstance that is sufficient to overcome the presumption of the statute that, at the time of the death of the testator, Adam H. Groff was still alive. In the absence of such evidence, it was proper for the court to instruct the jury to return a verdict for the caveatees, and not permit the jury to speculate upon theories not warranted by the evidence.

The decree is affirmed, with costs, and it is so ordered.

*Affirmed.*