## JONES v. METROPOLITAN LIFE INS. CO.
### No. 7473.

United States Court of Appeals for the District of Columbia.

Submitted Oct. 8, 1940.

Decided Nov. 25, 1940.

Isadore H. Halpern, of Washington, D. C., for plaintiff in error.

Benjamin S. Minor, Arthur P. Drury, and John M. Lynham, all of Washington, D. C., for defendant in error.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

This is an action on life insurance policies. The amended complaint, filed February 15, 1939, alleges that premiums were paid until October 8, 1928, and that "on the 3rd day of May, 1926, and during the continuance of the said policy, all premiums having been paid, the said insured left his domicile with no known intention of changing the same, under the circumstances inconsistent with his continuation of life, and has not been heard of by any of his friends, relatives or anyone else in the City of Washington, District of Columbia, or elsewhere from said date, which has been more than seven (7) years and that on said date, to-wit, the 3rd day of May, 1926, while said policy of insurance was in effect, the said Fred Jones was legally dead: That due notice of said legal death of the said Fred Jones was furnished to the said defendant. * * *" The defendant moved to dismiss the complaint on the ground that it failed to state a claim on which relief could be granted. The court granted this motion.

The District Code enacts the common-law presumption of death: "If any person shall leave his domicile without any known intention of changing the same, and shall not return or be heard from for seven years from the time of his so leaving, he shall be presumed to be dead, in any case wherein his death shall come in question, unless proof be made that he was alive within that time."[1] Some cases set up a further presumption that he died just at the expiration of the seven years.[2] Others

---

[1] D.C.Code, Tit. 9, § 31.

[2] United States v. O'Brien, 4 Cir., 51 F.2d 37; English v. United States, D.C. Md., 25 F.2d 335. Cf. dicta in Alexander v. Alexander, 36 App.D.C. 78, 83, and

Groff v. Groff, 36 App.D.C. 560, 564. The Alexander Case recognized that this supposed presumption might "be removed by credible evidence of his death, however slight."

take the position, with which we agree, that "there is no presumption as to the time when he died. Davie v. Briggs, 97 U.S. 628, [24 L.Ed. 1086]." [3] In the absence of special evidence, it is obviously improbable that death happened to occur on the last day of the seven years; but neither can it be presumed that it occurred on the first day.[4] In accordance with the statute, the insured may now be presumed dead, but that he died before the policy lapsed in 1928 must be shown by allegation and proof. The complaint alleges that the circumstances of his disappearance were "inconsistent with his continuation of life." This is as much as to say that his life did not continue.[5] Accordingly the complaint· alleges, however awkwardly, that he died at approximately the time of his disappearance. It therefore does state a claim. Evidence in its support may take a variety of forms.[6] .

Reversed.

---

[3] Dictum in Hamilton v. Rathbone, 9 App.D.C. 48, 53, reversed on other grounds, 175 U.S. 414, 20 S.Ct. 155, 44 L.Ed. 219; Wigmore on Evidence (3d Ed.), § 2531a.

[4] United States v. Robertson, 9 Cir., 44 F.2d 317.

[5] It has been held that defenses are not inconsistent unless one of them is necessarily false, Irwin v. Buffalo Pitts Co., 39· Wash. 346, 81 P. 849, 851; and that legislative provisions are not inconsistent if they can coexist. Bodkin v. State, 132 Neb. 535, 272 N.W. 547.

[6] Fidelity Mutual Life Assn. v. Mettler, 185 U.S. 308, 22 S.Ct. 662, 46 L.Ed. 922; Davie v. Briggs, 97 U.S. 628, 634, 24 L.Ed. 1086; United States v. O'Brien, 4 Cir., 51 F.2d 37.