704

## JEMISON v. METROPOLITAN LIFE INS. CO.
### No. 88.

Municipal Court of Appeals for the
District of Columbia.

June 30, 1943.

Burton A. McGann, of Washington, D.
C., for appellant.

John E. Powell, of Washington, D. C.
(Benjamin S. Minor and Arthur P. Drury,
both of Washington, D. C., on the brief),
for appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

This is an appeal from a judgment in
favor of the defendant in an action on a
life insurance policy. Appellant, mother of
the insured, was the named beneficiary.
She offered no direct proof of the death of
the insured, but relied upon presumption
of death created by Section 14—501 of the
Code.[1]

The testimony offered by appellant was
to the effect that the insured was born
August 8, 1905 and came to the District of
Columbia in 1924 with his mother, his step-
father and his half-sister. They made
their home at 1231 Fourth Street, North-
west, where the mother has continuously
resided. In 1928, the insured left Washing-
ton and went to Baltimore, Maryland, seek-
ing employment. Apparently he was not
successful in finding immediate employ-
ment but did later obtain employment and
resided there between 1928 and 1932, though
during this period he spent some time in
both Washington and New York.

In the summer of 1932 the insured came
to Washington from Baltimore for a few
days and this was the last time his mother
saw him. In October, 1932 the insured
came from Baltimore to Washington but his
mother was confined in a hospital and did
not see her son on this occasion. On the
evening of the day he came from Baltimore
he was at his mother's home and after
dinner stated to his half-sister that he

[1] Sec. 14—501: "If any person shall
leave his domicile without any known in-
tention of changing the same, and shall
not return or be heard from for seven
years from the time of his so leaving, he
shall be presumed to be dead, in any case
where his death shall come in question,
unless proof be made that he was alive
within that time."

was going out and that he and she would go to see his mother the following day. He did not return to his mother's home that evening and has not been seen or heard from by his' family since that time. In 1934 insured's step-father died and sometime thereafter his mother made inquiry at a local police precinct as to whether the insured had been "picked up" or if his whereabouts were known. Her inquiry was answered in the negative.

On cross-examination appellant admitted that the insured had had some difficulty with the local police for minor crimes, and in 1930 and 1931 had written letters home using the assumed name of "Leon Bess."

This was the substance of appellant's testimony, other than that the insured was unmarried and that some minor articles of clothing belonging to him had remained at her home since 1928. Appellee offered no testimony.

■ Under our statute, which is but a declaration of the common law rule,[2] in order to raise the presumption of death the absentee must "leave his domicile without any known intention of changing the same," and "not return or be heard from for seven years." The sparse record before us fails to show with any certainty the insured's domicile at the time of his alleged disappearance. It may be gathered from the record that during the four years preceding his last-known visit to Washington he spent the greater portion of his time in Baltimore where he was employed at least a part of the time. The nature and extent of his employment are not disclosed. If any conclusion can be drawn from the record it is that the insured's domicile in October, 1932 was Baltimore, and there is no evidence whatever that he did not return to Baltimore from his last-known visit to Washington or that he ever left Balti-

more without any known intention of changing his domicile.

■ If "domicile", as used in the statute, means residence or usual abode, then the record more strongly indicates that insured's residence was Baltimore. In the state of the record before us, it is immaterial whether domicile is used in the statute in its strict sense or in the sense of residence; because, in the absence of facts to the contrary, the place where a man lives is properly taken to be his domicile.[3] At the time in question the record is clear that insured was and had been living in Baltimore. The record does not show that any inquiry was ever made concerning the insured in Baltimore of the persons and at the places where news of him, if living, would most probably be had.[4]

■■ Nor is there evidence that insured has not been "heard from." His mother and sister have not heard from him but the statute does not confine lack of intelligence of the absentee to members of his family, as it is not a matter of pedigree.[5] It includes all who would naturally and probably have heard from him if he were living.[6] There was no proof that friends and acquaintances of insured in Baltimore had not heard from him. The mere failure of his family to hear from him, when he had a fixed abode in another State, is not sufficient to raise the presumption of death.[7] Upon the record we are of opinion appellant failed to produce sufficient evidence to raise the presumption of death.

Since further investigation and search may produce evidence sufficient to raise the presumption of death or even evidence of actual death of insured, the judgment below should be modified to the extent that it shall not operate as a bar to a future action based on such additional evidence.

As so modified the judgment is affirmed.

Modified and affirmed.

[2] Jones v. Metropolitan Life Ins. Co., 73 App.D.C. 92, 116 F.2d 555; National Union v. Sawyer, 42 App.D.C. 475.

[3] District of Columbia v. Murphy, 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329.

[4] Posey v. Hanson, 10 App.D.C. 496, 506.

[5] Lemire v. National Life Ass'n, 194 Iowa 1245, 191 N.W. 67.

[6] Posey v. Hanson, supra.

[7] Wentworth v. Wentworth, 71 Me. 72; Hitz v. Algreen, 170 Ill. 60, 48 N.E. 1068.