Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued March 10, 2003          Decided May 16, 2003

No. 02-7043

THERESE CORNWELL FULLER,
ADMINISTRATOR, ESTATE OF DORIS HUNT CORNWELL,
APPELLANT

v.

AMERICAN FEDERATION OF LABOR AND CONGRESS OF
INDUSTRIAL ORGANIZATIONS, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(99cv01936)

———

*Kim Sperduto* argued the cause and filed the briefs for appellant.

*Julia Penny Clark* argued the cause for appellees. With her on the brief was *Robert Alexander*.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before:  RANDOLPH and ROGERS, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge.*

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge:*  After seven years an individual who disappears without a trace is, under common law and the laws of several states, presumed dead.  The issue here is whether there is also a presumption that the individual died on the last day of the seven-year period, or in other words, that the individual was alive until that time.

After her husband died in 1977, Doris Cornwell began receiving surviving spouse benefits under the AFL–CIO Staff Retirement Plan for Employees, of which her husband was a member.  The Plan entitled her to receive these benefits during her "lifetime."  In early June 1982, Cornwell vanished.  Apart from an alleged sighting soon after she disappeared, no one saw or heard from her again.  After learning of her disappearance, the Plan Trustees suspended payment of Cornwell's benefits, with the qualification that if she reappeared the suspended payments would be disbursed.

Fifteen years later, the Arlington County Circuit Court in Virginia declared Cornwell presumed dead.  The administrator of Cornwell's estate, Therese C. Fuller, thereafter submitted a claim to the Trustees for the payment of benefits that had accrued from November 1982 to March 6, 1998, the date of the court decree.  Although the Trustees requested Fuller to submit evidence of Cornwell's eligibility to receive benefits during her absence, the only materials Fuller submitted were a copy of the court decree, and a letter recounting Cornwell's disappearance and the fruitless searches for her and arguing that under Virginia law (VA. CODE ANN. § 64.1–105) Cornwell was not presumed to be dead – and thus was entitled to payment – until the court issued its declaration.  The Trustees denied Fuller's claim, partly on the ground that Fuller had provided no evidence indicating that Cornwell remained alive after her disappearance.

Fuller filed a complaint on behalf of Cornwell's estate, seeking recovery of the benefits under § 502(a)(1)(B) of

ERISA, 29 U.S.C. § 1132(a)(1)(B). The Trustees moved for summary judgment, arguing that they were not required to pay the benefits because there was no evidence that Cornwell was alive during the period for which benefits were claimed. Fuller's cross-motion for summary judgment replied that the Trustees' rejection of the claim was unsupported since Cornwell was presumed to be alive until the Virginia court issued the declaration in 1998. The district court granted summary judgment for the Trustees. *Estate of Cornwell v. AFL–CIO*, Civ. No. 99–1936, slip op. at 6, 13 (D.D.C. Mar. 26, 2002).

Fuller has refined her argument on appeal. She now asserts that the Trustees were obligated to presume that Cornwell was alive for the seven years following her disappearance, rather than for the entire period preceding the declaration of presumed death. The parties now agree, and the Plan provides, that District of Columbia law, not Virginia law, controls. The District has adopted the common law rule regarding the presumption of death: "If a person leaves his domicile without a known intention of changing it, and does not return or is not heard from for seven years from the time of his so leaving, he shall be presumed to be dead in any case where his death is in question, unless proof is made that he was alive within that time." D.C. CODE § 14–701; *see Jemison v. Metro. Life Ins. Co.*, 32 A.2d 704, 705 (D.C. 1943); *see generally* 9 WIGMORE, EVIDENCE § 2531a, at 603 (Chadbourn rev. 1981). A corollary is that a person who has been absent for less than seven years is presumed to be alive. *See Groff v. Groff*, 36 App. D.C. 560 (D.C. Cir. 1911); *Alexander v. Alexander,* 36 App. D.C. 78 (D.C. Cir. 1910). According to Fuller, it follows that, in the absence of evidence to the contrary, the Trustees had to act on the basis that Cornwell was alive for the seven years following her disappearance.

Some courts have adopted Fuller's theory. In *Acosta v. United States*, 320 F.2d 382 (Ct. Cl. 1963), a retired serviceman disappeared and, after a prolonged absence, was declared dead. His widow sued to recover her husband's retirement pay for the seven years after his disappearance. The Court of Claims ruled in her favor, holding that the "presumption should be that death occurred at the end of

[the] seven-year period." *Id.* at 385; *see also United States v. O'Brien*, 51 F.2d 37, 42 (4th Cir. 1931); *English v. United States*, 25 F.2d 335, 336 (D. Md. 1928); *MacMurray v. United States*, 15 Cl. Ct. 323, 330 (1988).

Our court has not followed this line of cases. Interpreting District of Columbia law, we held that the presumption of death extends only to the fact of death; it establishes "no presumption as to the time when" death occurred. *Jones v. Metro. Life Ins. Co.*, 116 F.2d 555, 556 (D.C. Cir. 1940) (internal quotation marks omitted); *accord Davie v. Briggs*, 97 U.S. 628, 634 (1878). Once the presumption of death is triggered, the decedent is no longer presumed to have been alive during the seven years following her disappearance. The only presumption is that she is dead. *See United States v. Hayman*, 62 F.2d 118, 119 (5th Cir. 1932). The date of Cornwell's death was therefore a question of fact, to be resolved on the evidence submitted to the Trustees. *See Briggs*, 97 U.S. at 634.

The Plan designates the Trustees as "the sole judges of the standard of proof required" to support a claim for Plan benefits, and authorizes the Trustees to request "any information or proof reasonably required to determine" a claimant's rights to benefits. Despite the Trustees' request, Fuller provided no evidence that Cornwell lived after she disappeared. (If Fuller had presented such evidence, the presumption of Cornwell's death would have arisen at some time later than seven years after her disappearance.) The district court therefore correctly held that the Trustees acted in accordance with the Plan and District of Columbia law in refusing to honor the estate's claim. *Cf. Block v. Pitney Bowes Inc.*, 952 F.2d 1450, 1455 (D.C. Cir. 1992). We do not decide whether, if District of Columbia law presumed a particular date of death, the Plan terms would overcome that presumption.

*Affirmed.*